**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VALERIE JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:18-cv-2935** |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |
| | § | |

---

**MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)
AND BRIEF IN SUPPORT OF DEFENDANTS**

---

**JOHN CREUZOT
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS**

CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................................. iv

BACKGROUND ........................................................................................................................... 2

STANDARD OF REVIEW ........................................................................................................... 2

ARGUMENT AND AUTHORITIES ............................................................................................ 4

*Plaintiff has failed to plead sufficient facts to permit a rational inference to support an official adopted or promulgated policy regarding failure to train.* **11**

*Plaintiff failed to plead sufficient facts to permit a rational inference of policymaker deliberate indifference on her failure to train claim.* **12**

*Plaintiff has failed to plead sufficient facts to permit a rational inference of a constitutional violation for Monell liability based on TCJS rules.* **15**

MOTION TO DISMISS AS TO ADDITIONAL DEFENDANTS .................................................... 17

PRAYER ...................................................................................................................................... 18

CERTIFICATE OF SERVICE ...................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver*, 510 U.S. 266 (1994) ........................................................................ 4

*Ashford v. Iqbal*, 556 U.S. 662 (2009) ..................................................... 3, 6, 10, 11

*Bauer v. Texas*, 341 F3d. 352 (5th Cir. 2003).............................................................. 4

*Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997) .................................... 13, 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 3, 6, 10, 11

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984) ........................................... 8

*Burge v. St. Tammany Parish*, 336 F.3d 363 (5th Cir. 2003) ....................................... 6

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995)..................................... 8

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir. 2011) ........................................ 12

*City of Canton v. Harris*, 489 U.S. 378 (1989)...................................................... 9, 12

*City of San Benito v. Tejas Gas Pipeline Co.*, No. B-03-080 (S.D. Tex. 2004) ........................... 18

*City of St. Louis v. Prapotnik*, 485 U.S. 112 (1988) .................................................. 4

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)........................................ 7

*Connick v. Thompson*, 563 U.S. 51 (2011) ................................................................ 5

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015)...................................................... 9

*Deville v. Marcantel,* 567 F.3d 156 (5th Cir. 2009)..................................................... 12

*Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375 (5th Cir. 2005) ......
................................................................................................................................... 6, 14

*Gates v. Tex.Dept. of Prot. & Reg. Servs.*, 537 F.3d 404 (5th Cir. 2008)...................................... 8

*Green, et al v. Harris County, Texas, et al,* NO. H-16-893 2019 WL 2617429 (S.D. Tex. June 26, 2019) .................................................................................................................... 16

*Hernandez v. Estelle,*788 F.2d 1154 (5th Cir. 1986) .................................................. 16

*Hicks-Fields v. Harris Cnty.,* 860 F.3d 803 (5th Cir. 2017) .......................................... 9

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ........................................ 2

*Jackson v. Cain,* 864 F.2d 1235 (5th Cir. 1989) ........................................................... 16

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989) ....................................................... 8

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293 (5th Cir. 2004) 16

*King v. Dogan*, 31 F.3d 344 (5th Cir. 1994) .................................................................. 18

*Krieg v. Steele*, 599 Fed. Appx. 231 (5th Cir. 2015) ...................................................... 16

*Lewis v. Law-Yone*, 813 F. Supp. 1247 (N.D. Tex. 1993) ........................................... 3, 10

*Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365 (5th Cir. 2017) ....................... 15, 16

*Malone v. City of Fort Worth*, 297 F. Supp.3d 645 (N.D. Tex. 2018) .................................. 13

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) .......... 3

*Meadowbriar Home for Children Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) .......................... 5

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ..................................... 3, 4, 5

*Okon v. Harris Cnty. Hosp. Dist.*, 426 Fed. Appx. 312 (5th Cir. 2011) ............................... 10

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981) .................................................................. 4

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ......................................................... 9

*Peña v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ........................................... 8

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ................................. 4, 5, 8, 9, 15

*Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010) ........................................... 12

*Shumpert v. City of Tupelo*, 905 F.3d 310 (5th Cir. 2018) ................................................. 12

*Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998) ......................................................... 9

*Texas Medical Association v. Aetna Life Ins. Co.*, et al, No. 94-20690 (5th Cir. 1996) ............. 17

*Thompson v. Upshur County*, 245 F.3d 447 (5th Cir. 2001) ............................................... 15

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ..................................................... 14

*Walker v. City of New York*, 974 F.2d 293 (2nd Cir. 1992), *cert. denied* 507 U.S. 972 (1983) ... 13

v

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir.1984) ........................................................... 5, 8

### STATUTES

FED. R. CIV. P. 5(b)(2)(E) ............................................................................................................ 19

FED. R. CIV. P. 8(a)(2) ................................................................................................................... 3

FED. R. CIV. P. 12(b)(6).................................................................................................... 1, 2, 18

### OTHER AUTHORITIES

42 U.S.C. § 1983 ................................................................................................................. passim

### RULES

Civil Local Rule 5.1(d) ............................................................................................................... 19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **VALERIE JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:18-cv-2935** |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |
| | § | |

---

## MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)
## AND BRIEF IN SUPPORT OF DEFENDANTS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Dallas County, Texas, ("Defendant") and additional defendants, Brenda Devers, Lola Pugh, Selma Littles, Pamela Nixon ("Additional Defendants") and files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted in the above entitled and numbered suit. In support thereof, Defendant and Additional Defendants (collectively referred to as "Defendants) would show the Court as follows:

*Motion to Dismiss and Brief in Support – 1*

# I.

# BACKGROUND

On or about May 22, 2019, Plaintiff Valerie Jackson ("Jackson" or "Plaintiff") filed her First Amended Complaint asserting claims of unconstitutional abuse while she was processed and held at the Dallas County jail. However, her Complaint offers nothing other than conclusory statements that recite the elements necessary to file a cause of action and which do not rise to a level above mere speculation—in short, Plaintiff's complaint does not provide well-pled facts that support a cause of action.

Plaintiff generally pleads that on three separate occasions, Plaintiff was taken to Dallas County jail for processing and upon each occasion, Plaintiff was identified as a male and kept with male inmates. Plaintiff alleges that she is transgender and that her identification as a male and being kept with male inmates was a violation of 42 U.S.C. § 1983, that such identification was improper and showed a lack of training and supervision by Dallas County. For the following reasons, Defendant asserts that the Plaintiff has failed to state a plausible claim for relief against her upon which relief may be granted by the Court.

# II.

# STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion, the court evaluates the sufficiency of Plaintiff's complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th

Cir. 2004). To survive the motion, Plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashford v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And a "'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, when evaluating whether a claim has been stated for purposes of a motion to dismiss, conclusory allegations are not accepted as true. *Lewis v. Law-Yone*, 813 F. Supp. 1247, 1252-53 (N.D. Tex. 1993).

Jackson is suing Dallas County under 42 U.S.C. § 1983. Although municipalities are considered "persons" under § 1983, they cannot be held liable simply on a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 688-89, 691 (1978). Rather,

liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694. Thus to prevail on her § 1983 claim against the County, Jackson must establish the following three elements: "a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694).

## III.

## ARGUMENT AND AUTHORITIES

Section 1983 provides for a private right of action against parties acting under color of any statute, ordinance, regulation, custom, or usage of any state to redress the deprivation of rights secured by the United States Constitution or federal law." *Bauer v. Texas*, 341 F3d. 352, 357 (5th Cir. 2003) (citing *City of St. Louis v. Prapotnik*, 485 U.S. 112, 121 (1988)). "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights."). *Id.* (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). To prevail on a Section 1983 claim, a plaintiff must show that  he or she was (1) deprived of a federal right (2) by a person acting under color of state law. *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

"Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978)); *Meadowbriar Home for Children Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir.

1996). A plaintiff seeking to impose liability upon a municipality must plead each of these three elements.

In her Complaint, the Plaintiff alleges Sheriffs Valdez and Sheriff Brown are policymakers. Assuming *arguendo* the Sheriffs are the policymaker for municipal liability purposes, the County can only be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski,* 237 F.3d at 578 (citing *Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, to hold the County liable under § 1983 a plaintiff must establish that an "official policy" of the County, and not the policy of an individual county official, was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm. Official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations." *Id.* at 579. However, it may also arise from a custom, which has been defined as "[a] persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski,* 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). That said, it is not sufficient that a plaintiff simply offer the raw assertion that there was a custom having the force of municipal policy. Fifth Circuit law requires that a plaintiff specifically identify the official policy (custom) that is

alleged to have caused the constitutional harm:

> It follows that that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Piotrowski,* 237 F.3d at 579-80. Absent a facially unconstitutional policy or custom, municipal liability under § 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski,* 237 F.3d at 579; *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2003). Deliberate indifference imposes a strict standard of fault. For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit stated that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis,* 406 F.3d at 381 (citation omitted). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the municipal's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) ("A claim has facial plausibility when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, Plaintiff pleads the following policies as to the County or its alleged policymaker in their official capacity:

- Dallas County had a policy or custom of promoting and/or tolerating genital searches to determine gender identity and placement of inmates based off of genitalia rather than the gender with which they identify when confronted with a transgender inmate. (Doc 18, ¶¶ 103, 110-111, 113, 115, 118, 140, 142, 144, 146-148, 150-152).
- Failure to train and/or supervise by Dallas County. (Doc 18, ¶¶ 107, 115, 118-119, 140, 147,

*Motion to Dismiss and Brief in Support – 6*

149-150).

Plaintiff alleges Dallas County has enforced and/or ratified these policies in contravention of its own written policy, the Prison Rape Elimination Act ("PREA") and the Texas Administrative Code (Doc 18, ¶¶ 102, 104-105, 131); and, Dallas County's policymakers, Sheriffs Valdez and Brown, implemented or ratified the alleged policies and failed to train her subordinates (Doc 18, ¶¶ 107, 115, 118-119, 140, 147, 149-150).

In support of her allegations that these alleged policies harmed her, Plaintiff alleges she was identified as a male, detained with male inmates and forced to shower with male inmates. (Doc 18, ¶¶ 50, 72, 85, 89, 91, 94, 96). The actual factual pleadings and not raw conclusory unwarranted deductions of facts are what are pertinent in this matter. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (citation omitted). And here, the facts pled, *assuming arguendo* are true, indicate that Plaintiff was classified similarly, as a male, on all three of her visits to the Dallas County jail. Additionally, Plaintiff admits that she "falsely" told an individual that she had completed her sex-change procedures (Doc 18, ¶ 20); was advised that she was coming up in the system as male (Doc 18, ¶ 39) and; was told that she could be transferred to Parkland Hospital if she did not want to show her genitals at the jail. (Doc 18, ¶ 42). Plaintiff admits that she chose to show her genitals at the jail rather than choosing the option to be checked at Parkland Hospital. (Doc 18, ¶ 47). If nothing else, Plaintiff's own pleadings indicate that any policy, practice or custom included the option for Plaintiff to be checked at Parkland Hospital.

An official policy is generally contained in duly promulgated policy statements, ordinances, or regulations. *Piotrowski,* 237 F.3d at 579. Here, Plaintiff has identified Dallas County Sheriff's Department General Orders/Code of Conduct Vol. I Chapter 11.2 as prohibiting searches for the sole purpose of determining genital status, which Plaintiff now alleges Defendant did not comply with as a matter of policy. (Doc 18, ¶ 106). However, as already noted, Plaintiff chose not be taken to Parkland Hospital to be checked after she was told she was coming up in the system as male and after she admitted providing false information during her bookin process. (Doc 18, ¶¶ 20, 39, 47).

Plaintiff has also failed to plead sufficient facts regarding an official policy evidenced by custom. A policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). The "policymaker" prong is satisfied if actual or constructive knowledge of a policy is attributable to the municipality's governing body or to an official to whom the municipality has delegated policy making authority. *Webster* at 842. That is, a municipality "cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to a city policymaker." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (citation omitted). The custom or policy must actually be that of the entities governing body before it can be held liable. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). "'Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy' as required for municipal section 1983 liability." *Gates v. Tex.Dept. of Prot. & Reg. Servs.*, 537 F.3d 404, 437 (5th Cir. 2008) (quoting C*ampbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)); *see*

*Motion to Dismiss and Brief in Support – 8*

*also Piotrowski*, 237 F.3d at 578 ("[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.") (citations omitted)."'[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." *City of Canton v. Harris*, 489 U.S. 378 (1989) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)).

As previously noted, Plaintiff pleads Defendant forced her to show her genitals.  Assuming *arguendo*, the non-conclusory facts pled are true, Plaintiff's pleadings only establish that she chose to show her genitals rather than be checked at Parkland Hospital and that this check only occurred the first time she was arrested and brought to the Dallas County jail. Accordingly, the pleadings do not support an inference of an "official policy" of improperly searching and classifying transgender inmates. A pattern of similar incidents could evidence the existence of a policy, but Plaintiff's pleadings are factually insufficient to support such a pattern as the pleadings only indicate one such incident, *i.e.*, rather than that Dallas County had a custom of checking genitalia for all inmates each time they were processed. *Hicks-Fields v. Harris Cnty.,* 860 F.3d 803, 808–10  (5th Cir. 2017); *Piotrowski,* 237 F.3d at 582; *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) ("The plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens must be injured…to establish the official policy requisite to municipal liability under section 1983.'") (citation omitted*); Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (although plaintiffs alleged a de facto policy of retaliation because of the number of individuals in the District Attorney's Office who participated

in a campaign against them, there was no evidence that similar retaliation had victimized others and thus plaintiffs failed to show a "widespread practice" of retaliation that would constitute a county policy). Plaintiff's allegations fall within that class of conclusory allegations described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 1949 (quoting T*wombly*, 550 U.S. at 557).   Additionally, when evaluating whether a claim has been stated for purposes of a motion to dismiss, conclusory allegations are not accepted as true. *Lewis v. Law-Yone*, 813 F. Supp. 1247, 1252-53 (N.D. Tex. 1993). Furthermore, Plaintiff fails to provide any evidence that being checked at Parkland Hospital would have led to her being classified as female or to any legal requirement that Plaintiff should have been classified and housed with the female inmates. At the time of all three arrests, Plaintiff's male genetaliawas still in place.

Additionally, assuming *arguendo* that a policy existed to ignore the actual written policy of the Dallas County Sheriff's Department, Plaintiff has pled that Sheriffs Valdez and/or Sheriff Brown were the official policymakers for the jail. (Doc 18, ¶ 155). Accordingly, the sheriff must have actual or constructive knowledge of the policies of which Plaintiff complains. "'Actual knowledge may b[e] shown by such means as discussions at council meetings or receipt of written information,'" while "[c]onstructive knowledge 'may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.'" *Okon v. Harris Cnty. Hosp. Dist.*, 426 Fed. Appx. 312, 316 (5th Cir. 2011)(per curiam)(quoting *Bennett*,

728 F.2d at 768). Jackson has failed to plead any facts from which the knowledge of a custom or policy by a specific policymaker can reasonably be inferred. Here, Plaintiff has pled insufficient facts to infer the Sheriffs had actual or constructive knowledge of the alleged practices about which the Plaintiff complains.

1.  *Plaintiff has failed to plead sufficient facts to permit a rational inference to support an official adopted or promulgated policy regarding failure to train.*

Plaintiff alleges in her Complaint that Sheriffs Valdez and Brown (in their individual capacities) failed to train subordinate officers, under their control, resulting in deliberate indifference to Plaintiff's rights. (Doc 18, ¶ 138). However, the Plaintiff pleads nothing more than "labels and conclusions" that amount to a "formulaic recitation of the elements of a cause of action,' which is insufficient. *See Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Plaintiff fails to plead *facts* that would allow a rational inference that any jail personnel were insufficiently trained. Plaintiff identifies no inadequacies in jail personnel training, other than to plead generally that the defendant failed to classify her as female. Plaintiff fails to plead any facts from which the Court could reasonably infer that the County's final policymaker for the alleged jail practice were even aware of any alleged deficiencies in jail personnel training concerning treatment of transgender inmates. Per Plaintiff's own pleadings, Plaintiff provided false information to Dallas County, was showing in the system as male, and was provided the option to be checked at Parkland Hospital but refused. The Plaintiff has pled no facts to support a reasonable inference that the Sheriff chose an inadequate training program with disregard of the likely consequences to persons in the Plaintiff's circumstances. Thus, the Plaintiff's Complaint fails to state a plausible claim with respect to an alleged custom of inadequate training or supervision.

*Motion to Dismiss and Brief in Support – 11*

2.      *Plaintiff failed to plead sufficient facts to permit a rational inference of policymaker deliberate indifference on her failure to train claim.*

As established above, Plaintiff fails to plead sufficient facts to support the existence of an adopted or promulgated policy that rises to the level of a municipal policy inadequately to train. Even if we assume the Plaintiff has pled facts sufficient to permit a rational inference of the existence of the relevant County jail custom, Plaintiff still fails to plead sufficient facts from which the Court could rationally infer that the County's policymakers were deliberately indifferent to a known or obvious risk that those customs would result in deprivations of rights.

Plaintiff alleges that Sheriffs Valdez and Brown, in their individual capacities, failed to train the detention officers and employees under their control. (Doc 18, ¶ 138). To establish liability premised on a failure to train, Plaintiff must plead nonconclusory facts that would establish: 1) inadequate training procedures were adopted or maintained by the Sheriff; 2) with deliberate indifference to the obvious consequences; and 3) those inadequate training procedures directly caused Plaintiff's injury. *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *Canton*, 489 U.S. at 388. Thus, a claim based upon inadequate training of jail personnel requires showing of a policymaker's deliberate indifference to the constitutional rights of citizens. *Deville v. Marcantel,* 567 F.3d 156, 171 (5th Cir. 2009); *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2018). Deliberate indifference requires nonconclusory allegations of a pattern of prior actual constitutional violations which were "fairly similar" to what a plaintiff alleges transpired between him and the jail personal. *Sanders-Burns*, 594 F.3d at 381. Facts must be alleged that meet the high standard of deliberate indifference; pleadings of no more than simple or even heightened negligence will not suffice. *Bd. Of Cnty.*

*Comm'rs v. Brown*, 520 U.S. 397, 411 (1997). As noted by the U.S. Northern District of Texas, Fort

Worth Division, in *Malone:*

> The requisite deliberate indifference in an inadequate-training context may be shown
> by a plaintiff in one of two ways. The first and "more typical approach" is to
> demonstrate that a municipality had " '[n]otice of a pattern of similar violations,'
> which were 'fairly similar to what ultimately transpired' when the plaintiffs own
> rights were violated." "Establishing deliberate indifference [under this first
> approach] generally requires a showing that the municipality failed to change its
> training methods in the face of several incidents in which training methods caused
> constitutional violations." The second approach allows for a finding of deliberate
> indifference based on a single incident in a narrow range of circumstances where a
> constitutional violation is likely to result as the highly predictable consequence of a
> particular failure to train. This "single-incident exception" is a narrow one, and "to
> rely on the exception 'a plaintiff must prove that the highly predictable consequence
> of a failure to train would result in the specific injury suffered, and that the failure to
> train represented the moving force behind the constitutional violation.'"

*Malone v. City of Fort Worth*, 297 F. Supp.3d 645, 655-656 (N.D. Tex. 2018).

With respect to Jackson's § 1983 claim regarding the County's alleged failure to train

and supervise its officers, Jackson has failed to allege facts that show the County's training

policy or procedure is inadequate, and that would state a claim that the need for more training is

obvious.

> It is not enough to show that a situation will arise and that taking the wrong course in
> that situation will result in injuries to citizens.... *City of Canton* also requires that a
> likelihood that a failure to train or supervise will result in the officer making the
> wrong decision. Where the proper response....is obvious to all without training or
> supervision, then the failure to train or supervise is generally not so likely to produce
> a wrong decision as to support an inference of deliberate indifference by city policy
> makers to the need to train or supervise.

*Walker v. City of New York*, 974 F.2d 293, 299 (2nd Cir. 1992), *cert. denied* 507 U.S.
972 (1983).

Plaintiff's conclusory allegations are insufficient to plausibly allege that, concerning alleged

violations by officers, the need for more training was so obvious, and the inadequacy of training so likely to result in the violation of constitutional rights, that the policymakers could reasonably be said to have been deliberately indifferent to the need. *See Valle v. City of Houston*, 613 F.3d 536, 549-550 (5th Cir. 2010). Indeed, "it is difficult to show deliberate indifference in a case where" the County "has implemented at least some training." *Id.* at 548 (noting that the very fact the City had trained their officers demonstrated that the City was not deliberately indifferent). Similarly, Plaintiff has admitted in her First Amended Complaint that the "Dallas County Sheriff's Department General Orders/Code of Conduct Vol. I Chapter 11.2 provides the regulations for the treatment of transgender detainees." (Doc. 18, ¶ 106).

Further, Plaintiff pleads insufficient facts to infer that the Sheriffs are liable in their official capacities under the "single-incident exception." Specifically, Plaintiff fails to plead any facts that would allow the Court to infer that the County's alleged policymakers in this matter, Sheriffs Valdez and Brown, acted with deliberate indifference, *i.e.*, Plaintiff fails to plead facts that would allow the Court reasonably to infer that Sheriffs Valdez and Brown were actually aware of systemic deficiencies in jail personnel training that led to improper classification of transgender inmates, as alleged, and to draw an inference of a substantial likelihood that: 1) transgender inmates might be forced to show their genitalia solely to classify them; 2) that they might be incorrectly classified; and 3) then disregarded that risk. *Estate of Davis*, 406 F.3d at 381 ("For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Further, the "…inadequacy of training must be obvious and obviously likely to result in a constitutional

violation." *Thompson v. Upshur County*, 245 F.3d 447, 454 (5th Cir. 2001) ("Our precedent makes clear that deliberate indifference on the part of a policymaker cannot generally be shown from a single violation of constitutional rights or expert testimony.") (citation omitted). Plaintiff has not pled any decisions made by Sheriffs Valdez and Brown which amounted to deliberate indifference to the rights of persons with whom her employees come into contact. There are likewise no facts alleged by the Plaintiff in the Complaint upon which this Court may infer that a policy or custom adopted or maintained by the Sheriffs with "deliberate indifference" as to its known or obvious consequences was the moving force behind a violation of Jackson's constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

3.      *Plaintiff has failed to plead sufficient facts to permit a rational inference of a constitutional violation for Monell liability based on TCJS rules.*

The gravamen of Plaintiff's claims appear to arise from jail personnel's alleged failure to classify her as a female inmate even though she admits that she had not completed the gender transition process, admitting to having falsely claimed to have done so. (Doc 18, ¶ 33). Numerous times throughout her Complaint, Plaintiff alleges an unconstitutional custom, policy, and practice based on failure to abide by the Dallas County Sheriff's Department's official policy. (Doc 18, ¶¶ 103, 110-111, 113, 115, 118, 140, 142, 144, 146-148, 150-152). However, a failure to follow a policy is insufficient to impose *Monell* liability. Specifically, "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." *Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right."); *see*

*Motion to Dismiss and Brief in Support – 15*

*also Hernandez v. Estelle*,788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure ... to follow their [departmental] regulations was a constitutional violation. There is no such controlling constitutional principle."); *Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989) ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.'") (citation omitted). Additionally, the Prison Rape Elimination Act does not establish a private cause of action under § 1983. *Krieg v. Steele*, 599 Fed. Appx. 231, 232 (5th Cir. 2015).

For *Monell* liability, "…a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal [policy] and the deprivation of federal rights." *Brown*, 520 U.S. at 397. For the County to be liable on account of its policy or custom, the Plaintiff must allege that (1) the policy *itself* violated federal law or authorized or directed the deprivation of federal rights, or (2) the policy was adopted or maintained with deliberate indifference as to the known or obvious consequence that it would result in the violation of someone's federal rights. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). Here, as previously established, the alleged policy itself does not violate Plaintiff's Constitutional rights. *Green, et al v. Harris County, Texas, et al,* NO. H-16-893 2019 WL 2617429, at *16 (S.D. Tex. June 26, 2019) (slip opinion) ("a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (citing *Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017)). Similarly, Plaintiff's contention that Defendant violated the Texas Administrative Code, *assuming arguendo* it is true, by classifying Plaintiff as male and failing to separate her from other

inmates and not providing her an appeals process, also would not establish a violation of Plaintiff's Constitutional rights. Furthermore, any such violations would be within the purview of the Texas Commission on Jail Standards as violations of the Texas Administrative Code do not provide any private cause of action. *See generally*, *Tejas Medical Association v. Aetna Life Ins. Co.*, et al, No. 94-20690 (5th Cir. 1996). Finally, Plaintiff does not plead facts sufficient to infer deliberate indifference. *See Brown*, 520 U.S. at 407 (stating "[a] showing of simple or even heightened negligence will not suffice"). In sum, the facts do not infer deliberate indifference, as the pleadings do not indicate any type of pattern or practice or that any policymakers were aware of any such pattern or practice.

## IV.

## MOTION TO DISMISS AS TO ADDITIONAL DEFENDANTS

On or about November 2, 2018, Plaintiff filed her Original Complaint (Doc 1), proceeding through counsel, and instituted this 42 U.S.C. §1983 civil rights lawsuit against Defendants Dallas County, Lupe Valdez, Marian Brown, Lizyamma Samuel, Samuel Joseph, Brenda Devers, Lola Pugh, Selma Littles, Pamela Nixon and Unknown Dallas County Employees I-XIII. However, on or about May 22, 2019, Plaintiff filed her First Amended Complaint (the "Plaintiff") listing the defendants as Dallas County, Texas ("Dallas County"), Sheriffs Valdez and Brown, in their official and individual capacities, and Lizyamma Samuel, Samuel Joseph, and Unknown Dallas County Employee III, in their individual capacities, seeking unspecified damages that arise from the Plaintiff's detention in the Dallas County Jail.  Plaintiff has not filed a dismissal with respect to Brenda Devers, Lola Pugh, Selma Littles, Pamela Nixon and Unknown Dallas County Employees I-

II, IV-XIII.  "An amended complaint ordinarily supercedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  *See also City of San Benito v. Tejas Gas Pipeline Co.*, No. B-03-080 (S.D. Tex. 2004) ("Because HPL and HPLR are no longer named defendants, the City of San Benito abandoned its claims against these previously-named defendants." Plaintiff did not refer to or adopt their earlier pleading. Accordingly, Additional Defendants request that all claims against them are dismissed with prejudice.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dallas County respectfully prays that: (1) the Court grant Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; (4) Defendant recovers all costs of suit and attorney's fees; and (5) for such other and further relief, general or special, at law and in equity, to which it may be justly entitled.   Similarly, Additional Defendants, Brenda Devers, Lola Pugh, Selma Littles, and Pamela Nixon, respectfully pray that: (1) the Court grants their Motion to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; and (4) for such other and further relief, general or special, at law and in quity, to which they may be justly entitled.

Respectfully submitted,

JOHN CREUZOT
DISTRICT ATTORNEY

/s/ Chong Choe _____

*Motion to Dismiss and Brief in Support – 18*

CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local

Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been

electronically served upon all parties.


/s/ Chong Choe
CHONG CHOE

*Motion to Dismiss and Brief in Support – 19*