**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3:18-cv-2935 |
| LUPE VALDEZ, et al., | § | |
|     Defendants. | § | |
| | § | |

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Lupe Valdez[1], Marian Brown[2], Lizyamma Samuel, and Samuel Joseph ("the Defendants") for their answer to Plaintiff's First Amended Complaint (Doc. 18) and admits, denies and alleges as follows:

### I.

### GENERAL DENIAL

Except as otherwise expressly provided below and except for those allegations which may constitute admissions against the interest of the Plaintiff, Defendants deny each and every allegation of the Plaintiff's First Amended Complaint and demands strict proof thereof.

---

1 Lupe Valdez, in her official capacity, joins in the Motion to Dismiss filed by Dallas County (Doc 23).
2 Marian Brown, in her official capacity, joins in the Motion to Dismiss filed by Dallas County (Doc 23).

*Defendants' Answer to Plaintiff's First Amended Complaint & Affirmative Defenses – Page 1 of 9*

## II.

## RESPONSIVE PLEADINGS

### A.    Parties

Defendants deny that Defendant Lupe Valdez was Dallas County Sheriff through January 1, 2018.  Sheriff Lupe Valdez resigned and left office prior to that date.

### B.    Jurisdiction and Venue

No contest.

### C.    Legal Conclusions, Causes of Action, Qualified Immunity, Exemplary Damages, Damages and Attorney's Fees

To the extent Paragraphs 98-120, 122, 124 through 166 state legal conclusions, they do not require a response.  However, to the extent a response is required, Defendants specifically deny the allegations in Paragraphs 98-120, 122, 124 through 166.

### D.    Jury Demand

Defendants need not admit or deny Plaintiff's demand for a jury.

### E.    Prayer

Defendants deny that Plaintiff is entitled to judgment in her favor or for any relief whatsoever.

### F.    Specific Denials

1. Except as otherwise expressly provided herein, Defendants specifically deny the allegations contained in Paragraphs 14-15, 17, 35, 37, 39-40, 42, 44, 46, 51, 80, 86 of

the Plaintiff's First Amended Complaint and demands strict proof thereof.

2. Defendants specifically deny that they violated any rights of the Plaintiff under the United States Constitution and 42 U.S.C. §1983 or the laws of the State of Texas.

3. Defendants specifically deny that they adopted or maintained any custom, policy or condition that was the moving force behind a violation of the rights of the Plaintiff under the United States Constitution and 42 U.S.C. §1983 or the laws of the State of Texas.

4. Defendants specifically deny that the Plaintiff is entitled to compensatory damages, punitive damages, interest, attorneys fees, court costs or any other relief demanded from it in this suit.

5. Defendants deny as to the end date of Ms. Valdez's term as Sheriff. (#9).

6. Defendants deny that a male nurse identified as Dallas County Employee I is an employee of Dallas County. (#19, 20, 22-24, 26).

7. Defendants deny that a female nurse identified as Dallas County Employee III is an employee of Dallas County. (#34-35, 47-48).

8. Defendants deny that Ms. Jackson was directed toward an empty shower stall. (#71).

9. Defendants deny that Ms. Jackson was told to take a shower. (#72).

10. Defendants deny that Captain Knight informed Ms. Nash that Captain Knight could see where some of the policy was misconstrued and other parts were not followed to the extent that she qualified that statement and stated that it was based on allegations

provided to her and not based on a full investigation. (#83).

11. Defendants deny that Ms. Jackson was forced to shower with the men. (#91).

12. Defendants deny that Ms. Brown was sworn in and began her term as Sheriff as of the date of January 1, 2018, as she began serving as Interim Sheriff prior to that date. (#92).

13. Defendants deny that Ms. Jackson had to shower with men. (#96).

### G. No Knowledge

1. Except as otherwise expressly provided herein, Defendants have insufficient knowledge or information at this time to admit or deny the allegations contained in Paragraphs 12, 19-34, 36, 38, 41, 43, 45, 47, 49-50, 52-60, 62-69, 73-76, 78, 87, 89, 97 of the Plaintiff's First Amended Complaint and therefore deny the same.

2. Defendants have insufficient knowledge or information at this time to admit or deny that Ms. Jackson forgot to remove her firearm from her bag before going to the airport. (#13).

3. Defendants have insufficient knowledge or information at this time to admit or deny that Ms. Jackson's wrist band indicating her gender as female was correct. (#16).

4. Defendants have insufficient knowledge or information at this time to admit or deny that a male nurse asked Ms. Jackson medical questions. (#19).

5. Defendants have insufficient knowledge or information at this time to admit or deny that a male inmate masturbated while staring at her in the shower. (#91).

6. Defendants have insufficient knowledge or information at this time to admit or deny that a male inmate masturbated while staring at her in the shower. (#97).

7. Defendants have insufficient knowledge or information at this time to admit or deny that Ms. Jackson is legally female. (#105).

**H.   Admissions**

1. Defendants admit that Defendant Valdez was the Sheriff of Dallas County as of January 1, 2005. (#9).

2. Defendants admit that the Plaintiff Valerie Jackson was assigned the sex of male at birth. (#10).

3. Defendants admit Ms. Jackson is a transgender woman, and lives as a woman. (#11).

4. Defendants admit that on November 4, 2016, Ms. Jackson was a pre-trial detainee at the Dallas County jail and that she was booked into custody for Possession of a Weapon in a Prohibited Place. (#13).

5. Defendants admit that Ms. Jackson was given a wrist band with her name and gender as female. (#16).

6. Defendants admit that Ms. Jackson waited to be seen by a nurse. (#18).

7. Defendants admit that Ms. Jackson was taken for fingerprinting and a mugshot. (#58).

8. Defendants admit that Ms. Jackson was taken to court. (#61).

9. Defendants admit that Ms. Jackson filled out paperwork. (#70).

10. Defendants admit that Ms. Jackson was moved multiple times. (#79).

11. Defendants admit that Captain Shelley Knight was notified by Tammye Nash of concerns regarding Ms. Jackson. (#81).

12. Defendants admit that Captain Knight informed Tammye Nash that an investigation had been started and that intake video was pulled. (#82).

13. Defendants admit that Ms. Jackson was arrested on April 19, 2017 and brought to the Dallas County jail. (#84).

14. Defendants admit that Ms. Jackson was placed with male inmates. (#85).

15. Defendants admit that Ms. Jackson was taken to the psychiatric unit of the jail. (#88).

16. Defendants admit that Ms. Jackson was deemed suicidal and that she was given a paper suit to wear. (#90).

17. Defendants admit that Ms. Jackson was arrested and booked into Dallas County jail on June 15, 2018. (#93).

18. Defendants admit that Ms. Jackson was placed with male inmates. (#94).

19. Defendants admit that Ms. Jackson was taken to the psychiatric unit. (#95).

## I.   **No response required**

Except as otherwise expressly provided herein, Defendants are not required to provide a response to the allegations contained in Paragraphs 104, 105, 121, 123 of the Plaintiff's First Amended Complaint as they are references to statutory text or case law text that speaks for itself or legal conclusions. To the extent a response is required, Defendants admit that the quoted provisions speak for themselves. The remaining allegations are denied.

### J.     Affirmative Defenses

#### 1.     Failure to State a Claim

Defendants assert that the Plaintiff has failed to state an actionable claim against them under the United States Constitution and 42 U.S.C. §1983 or the laws of the State of Texas upon which relief may be granted by the Court.

#### 2.     Qualified and Official Immunity

Defendants assert Plaintiff's claims against them are barred by the doctrines of qualified and official immunity. They assert they are entitled to such immunity because: (1) at all times they were acting in good faith and within the course and scope of their authority as the elected Dallas County Sheriff and as employees in the Dallas County Jail; (2) they did not violate clearly established law of which a reasonable person would have known; and (3) and a reasonable person could have believed that their actions were lawful in light of clearly established law and the information they possessed at the time. In further support of their defense of qualified immunity, Defendants repeat and re-allege each of the facts alleged *supra.*

#### 3.     Monell v. New York

Defendants assert that Plaintiff's claims are barred by *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 659, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

#### 4.     Proximate Cause

Defendants assert that Plaintiff brings claims against them for alleged medical

decisions or decisions taken by medical personnel that may have arisen during Plaintiff's various detentions at the Dallas County jail. Additionally, Defendants are not responsible for actions of nurses and medical personnel, who are Parkland staff at the Parkland medical facility in the jail, or for actions undertaken at the direction of nurses. Additionally, Defendants are not legally responsible for any alleged acts/omissions that occurred on shifts that they were not working or that are due to third party acts/omissions.

## NOTICE OF INTENTION TO ASSERT CLAIM FOR ATTORNEYS' FEES

Defendants hereby notify Plaintiff of their intention to seek recovery of attorneys' fees pursuant to 42. U.S.C. § 1988.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court enter a judgement that Plaintiff take nothing by reason of this action, and for such other relief at law or in equity to which County may be justly entitled.

Date:  July 22, 2019         Respectfully submitted,

JOHN CREUZOT
DISTRICT ATTORNEY

/s/ Chong Choe_____
CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691
(214) 653-2899 (FAX)


ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.


/s/ Chong Choe
CHONG CHOE