**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VALERIE JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:18-cv-2935** |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANTS', LUPE VALDEZ, MARIAN BROWN, LIZYAMMA SAMUEL AND
SAMUEL JOSEPH'S, MOTION FOR A RULE 7(a)(7) REPLY TO
QUALIFIED IMMUNITY DEFENSE AND BRIEF IN SUPPORT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Lupe Valdez, Marian Brown, Lizyamma Samuel, Samuel Joseph, (collectively referred to as "the Officers"), in their individual capacities, and move the Court to enter an order pursuant to Fed.R.Civ.P. 7(a)(7), requiring Plaintiff to file a detailed reply to their defense of qualified immunity in the above entitled and numbered suit, as well as to more specifically plead the facts that provide the foundation for a cause of action against Defendants in their individual capacities, as well as to clarify which causes of action are being alleged against which Officers.

**I.**
**BACKGROUND**

On or about May 22, 2019, Plaintiff Valerie Jackson ("Jackson" or "Plaintiff") filed her First Amended Complaint (the "Complaint"), proceeding through counsel, and instituted this 42 U.S.C. § 1983 civil rights lawsuit against Defendants, Dallas County, Texas ("Dallas County"),

Sheriffs Valdez and Brown, in their official and individual capacities, and Lizyamma Samuel, Samuel Joseph, and Unknown Dallas County Employee III, in their individual capacities, seeking unspecified damages that arise from the Plaintiff's detention in the Dallas County Jail.

Plaintiff generally pleads that on three separate occasions, Plaintiff was taken to Dallas County jail for processing and upon each occasion, Plaintiff was identified as a male and kept with male inmates. Plaintiff alleges that she is transgender and that her identification as a male and being kept with male inmates was a violation of 42 U.S.C. § 1983, that such identification was improper and showed a lack of training and supervision by Dallas County. For the following reasons, Defendant asserts that the Plaintiff has failed to state a plausible claim for relief against her upon which relief may be granted by the Court.

On July 22, 2019, the Officers filed an Answer to Plaintiff's First Amended Complaint, raising the affirmative defense of qualified immunity. (Doc 24). For the following reasons, the Officers assert that the Court should enter an Order requiring Plaintiff to file a detailed reply tailored to each officer's qualified immunity defense pursuant to Fed.R.Civ.P. 7(a).

## II.
## ARGUMENT AND AUTHORITIES

### THE COURT SHOULD REQUIRE THAT PLAINTIFF FILE A DETAILED REPLY TAILORED TO THE DEFENSES OF QUALIFIED IMMUNITY ASSERTED BY DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 7(A)(7).

The Officers have asserted the defense of qualified immunity. (Doc. 24). Qualified immunity jurisprudence as applied to civil rights actions is well settled. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Because qualified immunity has been asserted, Plaintiff now bears the burden of pleading specific facts necessary to refute the defense of qualified immunity. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id*. Further, the "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist" in resolving the qualified immunity defense. *Schultea*, 47 F.3d at 1434; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely to require plaintiffs to file a reply under [Rule] 7(a) to the qualified immunity defense.").

The case should not be allowed to proceed unless Plaintiff can assert specific facts that, if true, would overcome the defense of qualified immunity. *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]"). Here, this burden is two-fold.  First, Plaintiff must

state specifically how <u>each</u> defendant acted in a manner that deprived Plaintiff of a constitutional or statutorily protected right and state specifically how that conduct caused his injury. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 641 (N.D. Tex. 2007) (Lynn, J.). In her Complaint, for example, Plaintiff lumps Samuel and Joseph together on some occasions and lumps Devers, Pugh, Nixon and Littles together on other occasions; Plaintiff does not provide a clear explanation as to how they individually acted in a manner that deprived Plaintiff of a constitutional or statutorily protected right and how that conduct caused her injury, other than generically plead that they took certain actions. A significant number of other statements indicate an interaction by Jackson with individuals, but does not list who those individuals were or how many individuals the interaction occurred with, e.g., "Ms. Jackson was given a wrist band" (Doc. 18, ¶ 16); "Ms. Jackson was then directed to sit on the benches with the rest of the female inmates." (Doc. 18, ¶ 27); one would presume that if Jackson did not know who she interacted with, she would list them as Unknown Dallas County Employees as she did with 13 other inknown individuals. Additionally, in some instances, Ms. Jackson refers to male and female officers, but does not identify them or identify them as one of the other 13 Unknown Dallas County employees listed throughout her First Amended Complaint.  One is unable to determine if these officers are one of the named officers, one of the Unknown Dallas County Employees, or altogether different individuals, e.g., "The two male officers that were present ignored her pleas." (Doc 18, ¶ 75); "The female officer volunteered to verify what Ms. Jackson was saying…." (Doc. 18, ¶ 76).

One would further assume from Plaintiff's pleading lumping the different officers together that they were all responsible for taking the exact same actions, e.g., "Detention officers Devers, Pugh, Nixon, and Littles were the detention officers who booked Ms. Jackson into the jail and placed

her with the male inmates." (Doc 18, ¶ 86).  It is likely not the case that all four officers were

processing Ms. Jackson and then walking her over to the male inmates, all at the same time.  It is

unclear when each of the four named officers were in contact with Ms. Jackson or if she just does not

recall what occurred and is throwing names together in a group. Plaintiff additionally does not clarify

which causes of action apply to which individuals. It is unclear if Plaintiff is asserting each cause of

action against each of the individual defendants in their individual capacities, e.g., Plaintiff has not

clarified or provided any explanation or facts for how Sheriffs Valdez and Brown were responsible in

their individual capacities for her alleged cause of action for an "[i]nvasive and unconstitutional

search."

The same is true as to Plaintiff's claims regarding Valdez and Brown for failure to supervise.

These pleadings are nothing more than a claim for vicarious liability on the individual Officers,

which is contrary to the requirement that in determining whether a constitutional violation has

occurred, the conduct of each individual must be analyzed separately, which is not supported by

Plaintiff's pleadings. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). Second, Plaintiff

must also plead specific facts to establish that the "law so clearly and unambiguously prohibited

[each defendant's] conduct that every reasonable official would understand that what [he] is doing

violates [the law]." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting

*Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011)). Notably, "a prison official's failure to follow prison

policies or regulations does not establish a violation of a constitutional right." *Lewis v. Sec. of Pub.

Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017)("The LaDPSC and CCA internal rules and

regulations do not alone create federally-protected rights and a prison official's failure to follow

prison policies or regulations does not establish a violation of a constitutional right.")(citations

omitted); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure . . . to follow their [departmental] regulations was a constitutional violation. There is no such controlling constitutional principle."); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.'")(citation omitted). Accordingly, the Officers respectfully request that Plaintiff be required to file a detailed reply to the defense of qualified immunity raised by the Officers in their Answer.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants pray that this motion be granted and that the Court enter an Order: 1) requiring Plaintiff to file a detailed reply under Fed.R.Civ.P. 7(a)(7) setting forth specific facts which overcome each defendant's entitlement to qualified immunity from suit; 2) to more specifically plead the facts that provide the foundation for a cause of action against Defendants in their individual capacities, as well as to clarify which causes of action are being alleged against which Officers; and 3) any other relief to which they may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Chong Choe _____
CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

*Motion for a Rule 7(a) Reply to Qualified Immunity Defense*                    *Page 6*

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.


/s/ Chong Choe
CHONG CHOE


*Motion for a Rule 7(a) Reply to Qualified Immunity Defense*                         *Page 7*