IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VALERIE JACKSON** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-2935 |
| | § | |
| **LUPE VALDEZ, MARIAN BROWN,** | § | |
| **SAMUEL JOSEPH, LIZYAMMA** | § | |
| **SAMUEL, UNKNOWN DALLAS** | § | |
| **COUNTY EMPLOYEE III, and** | § | |
| **DALLAS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendants*. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS LUPE VALDEZ, MARIAN BROWN, LIZYAMMA SAMUEL AND SAMUEL JOSEPH'S, MOTION FOR A RULE 7(a)(7) REPLY TO QUALIFIED IMMUNITY DEFENSE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, VALERIE JACKSON, Plaintiff, and files her Response to the Motion for a Rule 7(a)(7) Reply to Qualified Immunity Defense filed on behalf of Defendants Lupe Valdez, Marian Brown, Lizyamma Samuel and Samuel Joseph[1] and would respectfully show unto the Court as follows:

### ARGUMENT

Defendants Lupe Valdez, Marian Brown, Lizyamma Samuel and Samuel Joseph (the "Individual Defendants") have filed a Motion for a Rule 7(a)(7) Reply to Qualified Immunity Defense primarily requesting clarification as to allegations against non-parties that have no impact on the claims against the Individual Defendants. Even a cursory review of the motion reveals that it seeks clarification regrading allegations against Brenda Devers, Lola Pugh, Selma Littles,

---

[1] Plaintiff is no longer pursuing claims against Brenda Devers, Lola Pugh, Selma Littles, Pamela Nixon.

Pamela Nixon (who are no longer defendants in this case) and unidentified Dallas County employees. Motion at pp. 4-5. Indeed, the Individual Defendants raise few questions related to themselves, while the bulk of the motion is a boilerplate recitation of case law and questions regarding non-parties. The only question regarding Individual Defendants Lizyamma Samuel and Samuel Joseph simply requests Plaintiff to place responsibility for concerted, jointly taken actions on one or the other. Defendant's motion is frivolous and calculated solely to place additional and unnecessary burden on Plaintiff.

As to Defendants Valdez and Brown, the allegations are clear that their failure to train and supervise resulted in the unconstitutional search of Ms. Jackson and violation of Ms. Jackson's civil rights. No further clarification is needed regarding these allegations.

Regarding the claim that the causes of action against Defendants Valdez and Brown are merely trying to hold them vicariously liable for the actions of their subordinates, Plaintiff's claims obviously go beyond merely vicarious liability and involve separate actions by Valdez and Brown. It is beyond dispute that supervisors may be liable for their own misconduct. See Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (noting a supervisor may be held liable for actions that are worse than merely inept, erroneous, ineffective, or negligent). Plaintiff does not assert vicarious liability in relation to Defendants Valdez and Brown. Rather, Plaintiff alleges Valdez and Brown themselves acted in a wrongful manner. Defendants' attempt at altering Plaintiff's allegations will hopefully not mislead the Court.

Defendants' motion raises complaints that will be resolved once discovery is permitted. Once discovery is conducted, Plaintiff may choose to file an amended pleading providing greater detail as to the allegations. At this point, the Court is to look solely to the allegations and determine if the allegations are sufficient or require additional clarification. Plaintiffs believe the claims are

well stated and require no clarification. Defendants are simply using Rule 7a to impose an unnecessary burden on Plaintiff. Such should not be countenanced by this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court deny Defendants' Request for Rule 7a Reply, and further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

>Respectfully submitted,
>
>/s/ Scott H. Palmer
>SCOTT H. PALMER
>State Bar No. 00797196
>JAMES P. ROBERTS
>State Bar No. 24105721
>
>SCOTT H. PALMER, P.C.
>15455 Dallas Parkway,
>Suite 540, LB 32
>Dallas, Texas 75001
>Tel: (214) 987-4100
>Fax: (214) 922-9900
>scott@scottpalmerlaw.com
>james@scottpalmerlaw.com
>
>ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded to all counsel of record, in a manner authorized by Rule 5, of the Federal Rules of Civil Procedure, on August 12, 2019.

>/s/Scott H. Palmer
>SCOTT H. PALMER