**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| LUPE VALDEZ, ET AL., | § | 3:18-CV-2935 |
| Defendants. | § | |
| | § | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR A RULE 7(a)(7) REPLY TO QUALIFIED IMMUNITY
DEFENSE ("MOTION")**

TO THE HONORABLE COURT:

COME NOW Defendants Lupe Valdez, Marian Brown, Lizyamma Samuel, Samuel Joseph (collectively referred to as "the Officers"), in their individual capacities, and files their reply to Plaintiff's Brief in Response to Defendants' Motion for a Rule 7(a)(7) Reply to Qualified Immunity Defense.

## I.     SUMMARY OF THE REPLY

Plaintiff, Valerie Jackson ("Jackson"), fails to show that there is any basis for her argument that she should not be required to replead in order to provide a detailed reply to Defendants' defense of qualified immunity, as well as to more specifically plead the facts that provide the foundation for a cause of action against Defendants in their individual capacities, as well as to clarify which causes of action are being alleged against which Officers. Jackson alleges that her First Amended Complaint adequately addresses her claims and that no further amendment is necessary at this time and argues that Defendants' Motion is a "boilerplate recitation of case law." (Doc. 28, p. 2). Indeed, Jackson declines to address much of that case law since a cursory review of said case law would show that

Defendants should be required to replead.

## II.   ARGUMENT AND AUTHORITIES IN REPLY

### A.   Plaintiff fails to address the requirement that they file a detailed reply tailored to the defenses of quality immunity asserted by Defendants.

As noted in Defendants' Motion, since Defendants have asserted qualified immunity, Jackson now bears the burden of pleading specific facts necessary to refute the defense of qualified immunity. Although a plaintiff may comply with ordinary pleading standards in his initial complaint, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Fed.R.Civ.P. 7(a). *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)(en banc). "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id*. Further, the "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist" in resolving the qualified immunity defense. *Id*. at 1434.

As noted in their Motion, Defendants ask that Jackson be required to state specifically how each defendant acted in a manner that deprived Plaintiff of a constitutional or statutorily protected right and state specifically how that conduct caused her injury. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 641 (N.D.Tex. 2007). Beyond the additional detail needed due to the assertion of qualified immunity, and because of Jackson's decision not to pursue claims against a number of previously named and unnamed defendants, (Doc. 28, p. 2-3), Defendants would request clarification as to which paragraphs and allegations in their First Amended Complaint are being pursued against each of the remaining defendants, as well as which causes of action are being pursued against each of the remaining defendants. While Jackson would argue that "complaints will be resolved once discovery is permitted," (Doc. 28, p. 2), the very essence of a qualified immunity defense is to shield governmental employees from unnecessary litigation and is based on the concept that "[g]overnment

officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

**B.      Jackson fails to plead facts that establish that the "law so clearly and unambiguously prohibited [each defendant's] conduct that every reasonable official would understand that what [he] is doing violates [the law].** *Morgan v. Swanson***, 659 F.3d 359, 371 (5th Cir. 2011)(en banc).**

Jackson also fails to properly plead facts that would show how each defendant's conduct was so clearly and unambiguously prohibited, that every reasonable official would understand that what they were doing violated the law. *Id.* Instead, Jackson merely makes a conclusory allegation that "[no] reasonable law enforcement official would have acted as Defendants did under these circumstances, by failing to train and failing to supervise the detention officers and employees working in the Dallas County jail, allowing wanton violations of written policies, and thereby permitting the violation of individuals' civil rights by conducting genital searches to determine gender identity and making assignment/placement decisions based off genitalia rather than the gender with which the individual identifies." (Doc. 18, ¶ 157). This blanket statement does not provide any factual basis for why Jackson's allegations of wrongdoing by the County show why or how the alleged violations were so clearly and unambiguously prohibited. The crux of Jackson's claim is that Defendants were ignoring the County's written policy and, in practice, utilizing a completely contrary unwritten policy of conducting "unreasonable searches." However, "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." *Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017)("The LADPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a

violation of a constitutional right."); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure . . . to follow their [departmental] regulations was a constitutional violation. There is no such controlling constitutional principle."); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)("state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.'"). To the extent that Jackson has failed to adequately explain how each defendant was violating clear and unambiguous law, Defendants would request the Court to require Jackson to more specifically plead non-conclusory facts that would show how any reasonable official would have understood any specific actions taken by each Defendant were clearly and unambiguously violations of the law.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Court enter an Order requiring Plaintiff: 1) to file a detailed reply under Fed.Civ.P. 7(a)(7) setting forth specific facts which overcome each defendant's entitlement to qualified immunity from suit; 2) more specifically plead the facts that provide the foundation for a cause of action against each Officer in their individual capacities, as well as to clarify which causes of action are being alleged against each Officer; and 3) any other relief to which Defendants may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Chong Choe
CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dalascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, Texas 75202
(214) 653-7358
(214) 653-6134 (FAX)

JASON G. SCHUETTE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 17827020
jason.schuette@dallascounty.org

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

**ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

/s/ Chong Choe
CHONG CHOE