IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-2935 |
| | § | |
| LUPE VALDEZ, MARIAN BROWN, | § | |
| SAMUEL JOSEPH, LIZYAMMA | § | |
| SAMUEL, UNKNOWN DALLAS | § | |
| COUNTY EMPLOYEE III, and | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

### AFFIDAVIT OF VALERIE JACKSON

STATE OF TEXAS       §
                     §
COUNTY OF DALLAS     §

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, personally appeared VALERIE JACKSON, who after being by me duly sworn, deposed as follows:

1. "My name is VALERIE JACKSON. I am over the age of 18 years and fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I filed a lawsuit against Dallas County and its employees and agents on November 2, 2018. The judge originally assigned to my case was The Honorable Judge Karen Gren Scholer. On September 3, 2019, my case was transferred to newly appointed judge Brantley Starr.

3. I believe any person would reasonably question and harbor legitimate doubts as to the newly assigned judge's impartiality as to me and my case. Specifically, I am a member of the

1

transgender community and I am suing Dallas County and its employees and agents based on violation of my constitutional rights by conducting a strip search at the Dallas County jail solely to determine my gender, denying me my legally recognized gender of female, and placing me with the male detainee population. Categorizing me as male resulted in my being housed with male detainees and being forced to shower with male detainees.

4. Given the positions advocated by the Court prior to becoming a federal judge, a bias/prejudice exists against me as a member of the transgender community asserting my constitutional rights.

5. For instance, while a Deputy Attorney General for the State of Texas, the judge presiding over my case was involved in a lawsuit by the State of Texas to restrict the rights of transgender people in *Texas v. United States*. Exhibit 1, "Texas Sues Obama Administration Over Transgender Bathroom Directive." Leah Jessen, Daily Signal (May 25, 2016). The lawsuit against the Obama administration targeted its guidance that directed public school districts to allow transgender students to use restrooms that corresponded with their gender identity. The judge presiding over my case stated that the concerns he had heard (and the implied basis for the lawsuit) was safety. This statement indicates the presiding judge in my case perceives transgender children as a threat to the safety of other children and that such was the reason the lawsuit was brought and why he was arguing in support of the lawsuit. In a June 2016 the presiding judge participated in an Attorney General opinion concluding that the Fort Worth, Texas school district violated state law in adopting a policy to implement the Obama administration's guidance permitting transgender students to use the bathroom of their gender identity. Exhibit 2, Opinion No. KP-0100.

2

The opinion was viewed as seeking to give states like Texas a license to discriminate against transgender students.[1]

6. In an October 2015 panel discussion entitled "Gay Rights, States' Rights," the presiding judge over my case defended the right of county clerks to refuse to issue marriage licenses to same-sex couples following the United States Supreme Court's opinion in *Obergefell v. Hodges*. Exhibit 3, Leadership Conference on Civil and Human Rights letter to senators dated April 9, 2019. The judge of this Court stated: "If a clerk has a religious objection personally, state law currently allows them to delegate those duties to issue marriage licenses to others in their offices.... There is a new constitutional right after *Obergefell*, but we can't, in the rush to recognize that, gloss over the other rights that have always existed under the First Amendment, under the Religious Freedom Restoration Acts at the federal and state level, under employment law at the federal and state level." The judge of this Court participated in a June 2015 Attorney General opinion making similar points written in the wake of the *Obergefell* decision, referring with apparent skepticism to "[t]his newly minted federal constitutional right to same-sex marriage." Exhibit 4. Opinion No. KP-0025.

---

[1] As written in a letter opposing the judge of this Court's confirmation, the Alliance for Justice expressed the following views:

> Starr has been at the forefront of Texas's efforts to undermine LGBTQ equality. He led Texas's efforts to block federal guidance that protected transgender students under Title IX. Following *Obergefell v. Hodges*, Starr signed an opinion letter claiming that despite the Supreme Court establishing what he referred to as a "new constitutional right," civil servants, including clerks, judges, and justices of the peace, could refuse to issue marriage licenses to same-sex couples. Starr also supported a Texas House bill that advocates explained would allow groups "to discriminate," allowing them to "refuse to place foster children with gay couples or families with different religious backgrounds"

Exhibit 6, Letter dated May 8, 2019. The Leadership Conference on Civil and Human Rights, a coalition of more than 200 national organizations committed to promoting and protecting the civil and human rights of all persons in the United States, wrote a similar letter opposing the nomination of the judge of this Court based on his actions that expressed bias/prejudice against the anti-LGBTQ community. Exhibit 3, Leadership Conference on Civil and Human Rights letter to senators dated April 9, 2019.

7.     The judge presiding over my case has also testified before the Texas legislature supporting legislation to protect adoption agencies refusing to place children with same-sex couples. *See* Exhibit 5, Newstex, Committee Weighs 'License to Discriminate' Adoption Bill, Texas Observer, Apr. 16, 2015 (https://www.texasobserver.org/license-to-discriminate-adoption-bill/).

8.     In a written response to questions during the confirmation process for the bench he now holds, the judge of this Court refused to answer whether the Fourteenth Amendment requires that states treat transgender people the same as those who are not transgender. Exhibit 7, Questions for the Record April 17, 2019, page 13, Question 2(d). The judge of this Court also refused to answer a question as to whether history and tradition should not limit the rights afforded to LGBT individuals, other than to say he would apply binding precedent. *Id.* at p.15, Question 5(a). The judge of this Court also refused to answer whether he believes that the government has a compelling interest in eradicating discrimination against LGBT people, other than to reference an irrelevant answer to another question. *Id.* at p.28, Question 3(b).

9.     In addition to his own public statements expressing views contrary to equal rights for those of the LGBTQ community, the judge of this Court supported the judicial nomination of Jeffrey Mateer, who was nominated in 2017 to preside over a different Texas federal court, but who was withdrawn in the wake of public outcry for such reasons as a comment that transgender children were part of "Satan's plan." Exhibit 8, Massie, Chris (September 20, 2017). "Trump judicial nominee said the issue of transgender children is a deception and part of 'Satan's plan', defended 'conversion therapy'", CNN. After Mr. Mateer was nominated, the judge of this Court issued a statement of support and declared that "Jeff Mateer leaves a legacy of service to the State of Texas and will now extend that service to all Americans." Exhibit 9, Press Release. Although

4

claiming not to have known of Mr. Mateer's statement that transgender children were part of "Satan's plan", the judge of this Court does not appear to have disavowed such a belief nor did he publicly withdraw his support for Mr. Mateer.

10. Based on the above, it is clear the judge presiding over my case has a bias/prejudice against me as a transgender individual. I do not believe, nor do I think any reasonable person could believe, that the judge would preside over my case in an impartial manner.

11. Attached hereto are true and correct copies of the materials referenced in this Affidavit.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Valerie Jackson

SUBSCRIBED AND SWORN TO BEFORE ME by VALERIE JACKSON on this _____ day of September, 2019.

_____
NOTARY PUBLIC

My commission expires:

__1/25/21__

NORMA G MOJICA
Notary ID # 12195135
My Commission Expires
January 25, 2021

5