# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 28, 2015

The Honorable Dan Patrick
Lieutenant Governor of Texas
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0025

Re: Rights of government officials involved with issuing same-sex marriage licenses and conducting same-sex wedding ceremonies (RQ-0031-KP)

Dear Governor Patrick:

On June 26, the United States Supreme Court held in *Obergefell v. Hodges* that there is now a constitutional right to same-sex marriage. No. 14-566 (2015). A federal district court for the Western District of Texas has now enjoined the State from enforcing Texas laws that define marriage as exclusively a union between one man and one woman. Before these events occurred, you asked whether—in the event the Texas definition of marriage is overturned—government officials such as employees of county clerks, justices of the peace, and judges may refuse to issue same-sex marriage licenses or conduct same-sex marriage ceremonies if doing so would violate their sincerely held religious beliefs.[1]

In recognizing a constitutional right to same-sex marriage, the Supreme Court acknowledged the continuing vitality of the religious liberties people continue to possess. *Id.*, slip op. at 27 ("[I]t must be emphasized that religions, and those who adhere to religious doctrines, may continue to advocate with utmost, sincere conviction that, by divine precepts, same-sex marriage should not be condoned."). In recognizing a new constitutional right in 2015, the Supreme Court did not diminish, overrule, or call into question the rights of religious liberty that formed the first freedom in the Bill of Rights in 1791. This newly minted federal constitutional right to same-sex marriage can and should peaceably coexist with longstanding constitutional and statutory rights, including the rights to free exercise of religion and freedom of speech.

This opinion concludes:

- County clerks and their employees retain religious freedoms that may allow accommodation of their religious objections to issuing same-sex marriage licenses. The strength of any such claim depends on the particular facts of each case.

---

[1] Letter from Honorable Dan Patrick, Lt. Gov., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (June 25, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs.

- Justices of the peace and judges similarly retain religious freedoms, and may claim that the government cannot force them to conduct same-sex wedding ceremonies over their religious objections, when other authorized individuals have no objection, because it is not the least restrictive means of the government ensuring the ceremonies occur. The strength of any such claim depends on the particular facts of each case.

## I. County Clerks and Their Employees

Marriage licenses in Texas are issued by county clerks, and one may obtain a marriage license from any county clerk regardless of where the applicant resides. *See* TEX. FAM. CODE ANN. § 2.001(a) (West 2006) ("A man and a woman desiring to enter into a ceremonial marriage must obtain a marriage license from the county clerk of any county of this state."). The Family Code provides that the "county clerk shall . . . execute the clerk's certificate on the application" if the application complies with the statutory requirements. *Id.* § 2.008(a). But the county clerk may delegate this duty to others. Under the Local Government Code, a deputy clerk "may perform all official acts that the county clerk may perform." TEX. LOC. GOV'T CODE ANN. § 82.005 (West 2008). Thus, under state law, a county clerk may delegate duties to deputy clerks, and deputy clerks have the authority but not the mandatory duty to perform the acts of the county clerk.[2]

With this background in mind, the question is whether a clerk or a clerk's employees may refuse to issue a same-sex marriage license if doing so would violate their sincerely held religious beliefs. Such a question necessarily involves a variety of rights. The Supreme Court has now declared a right under the Fourteenth Amendment for same-sex couples to be married on the same terms as accorded to couples of the opposite sex. County clerks and their employees possess constitutional and statutory rights protecting their freedom of religion.[3] And employees possess rights under state and federal law to be free from employment discrimination on the basis of religion.[4] The statutory rights protecting freedom of religion are known as the Religious Freedom

---

[2]County clerks that fail to comply with the marriage license statute are subject to a fine of up to $500. TEX. FAM. CODE ANN. § 2.102 (West 2006).

[3]*See* U.S. CONST. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."); TEX. CONST. art. I, § 6 ("All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. . . . No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion . . . ."); 42 U.S.C. § 2000bb-1(b) (2012) (only allowing a government to substantially burden a person's religious exercise if the burden is the least restrictive means of furthering a compelling governmental interest); TEX. CIV. PRAC. & REM. CODE ANN. § 110.003(b) (West 2011) (same).

[4]*See* 42 U.S.C. §§ 2000e-2(a), (m) (2012) (making it unlawful for an employer to discriminate against any individual with respect to his religion); TEX. LAB. CODE ANN. § 21.051 (West 2015) (same). Those laws exclude elected officials such as county clerks, justices of the peace, and judges from the definitions of "employee." 42 U.S.C.

Restoration Acts and require the government to use the least restrictive means to further a compelling government interest when substantially burdening a person's free exercise of religion.[5] Employment discrimination laws further provide that an employer must make a reasonable accommodation for an individual's religious beliefs or exercise so long as the accommodation does not impose an undue hardship on the employer.[6]

A county clerk has a statutory right to delegate a duty to a deputy clerk, including the issuance of same-sex marriage licenses that would violate the county clerk's sincerely held religious beliefs. Regarding deputy clerks and other employees, state and federal employment laws allow them to seek reasonable accommodation for a religious objection to issuing same-sex marriage licenses. And under the Religious Freedom Restoration Acts, deputy clerks and other employees may have a claim that forcing the employee to issue same-sex marriage licenses over their religious objections is not the government's least restrictive means of ensuring a marriage license is issued, particularly when available alternatives would not impose an undue burden on the individuals seeking a license. *See Slater v. Douglas Cnty.*, 743 F. Supp. 2d 1188, 1192–95 (D. Or. 2010) (refusing to grant summary judgment to a county that only offered to reassign an employee of a county clerk who refused on religious grounds to issue same-sex domestic partnership registrations rather than accommodating her request to not issue the registrations). Importantly, the strength of any claim under employment laws or the Religious Freedom Restoration Acts depends on the particular facts of each case.

Courts have balanced similar competing rights in other contexts, and I believe they would likely do so here.[7] *See, e.g., Stormans Inc. v. Selecky*, 844 F. Supp. 2d 1172, 1188–93 (W.D. Wash. 2012) (holding that a state law mandating the issuance of drugs violated pharmacists' religious beliefs, and that refusing to issue the drugs and referring to another pharmacist was a sufficient practice); *Brady v. Dean*, 790 A.2d 428, 435 (Vt. 2001) (holding that a town clerk appointing an

---

§ 2000e-2(f) (2012); TEX. LAB. CODE ANN. § 21.002(7) (West 2015). But the constitutional protections and the Religious Freedom Restoration Acts have no such exemption.

[5] *See supra* note 3.

[6] 42 U.S.C. § 2000e(j) (2012) ("The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."); TEX. LAB. CODE ANN. § 21.108 (West 2015) ("A provision in this chapter referring to discrimination because of religion or on the basis of religion applies to discrimination because of or on the basis of any aspect of religious observance, practice, or belief, unless an employer demonstrates that the employer is unable reasonably to accommodate the religious observance or practice of an employee or applicant without undue hardship to the conduct of the employer's business.").

[7] Clerks and deputy clerks alike must take an oath of office. TEX. LOC. GOV'T CODE ANN. §§ 82.001(d), .005(b) (West 2008). And the oath requires the official to swear to "preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God." TEX. CONST. art. XVI, § 1. This oath does not change the above analysis because these officials are swearing to defend the same laws that both protect the newly-created constitutional right to same-sex marriage as well as the right to religious freedom. It would be curious indeed for an oath that ends with "so help me God" to mandate that the oath-taker set aside those very beliefs.

assistant clerk to issue same-sex marriage licenses did not impose a substantial burden on the town clerk's religious beliefs).

Factual situations may arise in which the county clerk seeks to delegate the issuance of same-sex marriage licenses due to a religious objection, but every employee also has a religious objection to participating in same-sex-marriage licensure. In that scenario, were a clerk to issue traditional marriage licenses while refusing to issue same-sex marriage licenses, it is conceivable that an applicant for a same-sex marriage license may claim a violation of the constitution.

If instead, a county clerk chooses to issue no marriage licenses at all, it raises at least two questions. First, a clerk opting to issue no licenses at all may find himself or herself in tension with the requirement under state law that a clerk "shall" issue marriage licenses to conforming applications. TEX. FAM. CODE ANN. § 2.008(a) (West 2006). A court must balance this statutory duty against the clerk's constitutional rights as well as statutory rights under the Religious Freedom Restoration Acts. Second, a court must also weigh the constitutional right of the applicant to obtain a same-sex marriage license. Such a factually specific inquiry is beyond the scope of what this opinion can answer.

In short, county clerks and their employees retain religious freedoms that may provide for certain accommodations of their religious objections to issuing same-sex marriage licenses—or issuing licenses at all, but the strength of any particular accommodation claim depends upon the facts.

## II. Justices of the Peace and Judges

Texas law authorizes the following persons to conduct a marriage ceremony:

(1)   a licensed or ordained Christian minister or priest;

(2)   a Jewish rabbi;

(3)   a person who is an officer of a religious organization and who is authorized by the organization to conduct a marriage ceremony;

(4)   a justice of the supreme court, judge of the court of criminal appeals, justice of the courts of appeals, judge of the district, county, and probate courts, judge of the county courts at law, judge of the courts of domestic relations, judge of the juvenile courts, retired justice or judge of those courts, justice of the peace, retired justice of the peace, judge of a municipal court, retired judge of a municipal court, or judge or magistrate of a federal court of this state; and

(5)   a retired judge or magistrate of a federal court of this state.

TEX. FAM. CODE ANN. § 2.202(a) (West Supp. 2014). These individuals are *permitted* to perform any marriage ceremony, but nothing in Texas law *requires* them to do so. The Family Code

provides that, "[o]n receiving an unexpired marriage license, an authorized person *may* conduct the marriage ceremony as provided by this subchapter." *Id.* § 2.203(a) (emphasis added). The only statutory restriction on their authority is that they are "prohibited from discriminating on the basis of *race, religion, or national origin* against an applicant who is otherwise competent to be married." *Id.* § 2.205(a) (West 2006) (emphasis added).

Two aspects of this legal arrangement bear discussing. First, justices of the peace and judges are joined on the list of those authorized to conduct marriage ceremonies by four other types of persons not employed by state or local government. Second, as previous Attorney General opinions have demonstrated, judges and justices of the peace have no mandatory duty to conduct any wedding ceremony: "Although the Family Code authorizes justices of the peace and county judges, among others, to conduct a marriage ceremony, they are not required to exercise that authority . . . ."[8] Tex. Att'y Gen. Op. No. GA-145 (2004) at 6 (citation omitted); *see also* Tex. Att'y Gen. Op. Nos. DM-397 (1996) at 1, JM-22 (1983) at 1, S-70 (1953) at 1.[9] So long as other authorized individuals are willing to conduct same-sex wedding ceremonies, these statutory provisions demonstrate the practical reality that a refusal by a religiously objecting justice of the peace or judge cannot prevent a same-sex couple from participating in a wedding ceremony contemplated by state law. Under the Religious Freedom Restoration Acts, justices of the peace and judges may claim that the government forcing them to conduct a same-sex wedding ceremony over their religious objection, when other authorized individuals have no objection, is not the least restrictive means of the government ensuring that the ceremonies occur, assuming that is compelling governmental interest. Again, the strength of any such claim depends on the particular facts.[10]

---

[8] Under this second fact, justices of the peace and judges would be statutorily permitted to not conduct any wedding ceremonies.

[9] These opinions built on the Texas Supreme Court's principle that an official may keep a fee they charge that is not part of their mandatory official duty of office. *See, e.g., Moore v. Sheppard,* 192 S.W.2d 559, 560 (Tex. 1946) ("The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform.").

[10] Justices of the peace and judges likewise take an oath of office. But as explained in footnote 7, *supra*, this does not necessarily obviate their religious freedom in this context.

## SUMMARY

County clerks and their employees retain religious freedoms that may provide accommodation of their religious objections to issuing same-sex marriage licenses. Justices of the peace and judges also may claim that the government forcing them to conduct same-sex wedding ceremonies over their religious objections, particularly when other authorized individuals have no objection to conducting such ceremonies, is not the least restrictive means of furthering any compelling governmental interest in ensuring that such ceremonies occur. Importantly, the strength of any particular religious-accommodation claim depends on the particular facts of each case.

Very truly yours,

*Ken Paxton*

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee