IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2935-X-BH |
| | § | |
| LUPE VALDEZ, MARIAN BROWN, | § | |
| SAMUEL JOSEPH, LIZYAMMA | § | |
| SAMUEL, UNKNOWN DALLAS | § | |
| EMPLOYEE III, and DALLAS | § | |
| COUNTY, TEXAS, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendants', Lupe Valdez, Marian Brown, Lizyamma Samuel and Samuel Joseph's[sic], Motion for a Rule 7(a)(7) Reply to Qualified Immunity Defense and Brief in Support*, filed July 22, 2019 (doc. 25). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

Valerie Jackson (Plaintiff) sues Dallas County, Texas (the County), Sheriffs Lupe Valdez and Marian Brown (Sheriffs) in their official and individual capacities, and Officers Samuel Joseph and Lizyamma Samuel (Officers), and Unknown Dallas Employee III (Nurse) in their individual capacities under 42 U.S.C. § 1983 for violations of her rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution. (doc. 18 at 1-2., 5)[2]

Plaintiff was assigned the sex of male at birth but legally changed her gender to female. (*Id.*

---

[1]By *Standing Order of Reference* filed January 8, 2020 (doc. 43), this case was referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at 3.)  After she was arrested in November 2016, she was booked into the Dallas County jail.  (*Id.* at 3.)  During intake processing by one of the Officers, she was asked questions that led her to reveal that she was a transgender woman.  (*Id.* at 3-4.)  One of the Officers told her that they were required to verify her gender by observing her genitalia, which would govern her placement.  (*Id.* at 5-6.)  Plaintiff initially objected but ultimately acquiesced, and after one of the Officers and Nurse both observed her genitalia, she was placed with the male inmates, where she was harassed.  (*Id.* at 6-7.)  After subsequent arrests in April 2017 and June 2018, she was again booked into the Dallas County jail and placed with the male inmates, where she was again harassed.  (*Id.* at 10-11.)

Plaintiff alleges that the search to observe her genitalia was objectively unreasonable and violated Dallas County Sheriff's Office written policy as well as the Fourth and Fourteenth Amendments.  (*Id.* at 11.)  She alleges that all defendants "implemented and maintained a policy, custom, and practice of classifying transgender inmates based exclusively on genital characteristics rather than gender identity without any individualized determination of what would be safest, or in the alternative, [they] failed to properly train and supervise jail staff."  (*Id.* at 12.)  Plaintiff asserts causes of action for violations of her rights under the Fourth, Fifth, and Fourteenth Amendments, but she does not specifically name any of the individual defendants in those portions of her complaint, which state only that the County is liable.  (*Id.* at 17-19.)  She expressly sues Sheriffs in their individual capacities for supervisory liability and failure to train their employees, but does not allege any specific facts detailing their personal involvement.  (*Id.* at 20-21.)

On July 22, 2019, Sheriffs and Officers (collectively, Defendants) moved for an order under Rule 7(a) of the Federal Rules of Civil Procedure requiring Plaintiff to file a detailed a reply to their assertion of the qualified immunity defense in their answer to her first amended complaint.  (doc.

2

25 at 1-2.)  Plaintiff responded on August 12, 2019 (doc. 28), and Defendants filed their reply on

August 26, 2019 (doc. 35).

## II.  RULE 7(a)

A governmental employee who is sued under § 1983 may assert the affirmative defense of

qualified immunity.  *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).  Qualified immunity

protects government officials from liability for civil damages to the extent their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would have

known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The doctrine protects "all but the plainly

incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v.

Chambers County Comm'n*, 514 U.S. 35, 42 (1995).  The determination of whether a defendant is

entitled to qualified immunity involves a two-prong inquiry.  The first prong entails consideration

of whether the facts alleged or shown state a violation of a constitutional right.  *Pearson v. Callahan*,

555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)).  Under the second

prong, courts must decide whether the constitutional right was "'clearly established' at the time of

defendant's alleged misconduct."  *Id.* (quoting *Saucier*, 533 U.S. at 201).

The Supreme Court has held that plaintiffs are not required to anticipate a qualified immunity

defense by providing greater specificity in their initial pleadings.  *Crawford-El v. Britton*, 523 U.S.

574, 595 (1998). Nevertheless, a plaintiff may be required to "engage the affirmative defense of

qualified immunity when invoked." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.1995) (en banc).

"When a public official pleads the affirmative defense of qualified immunity in his answer, the

district court may, on the official's motion or on its own, require the plaintiff to reply to that defense

3

in detail" under Rule 7(a). *Id.* at 1433.  To be sufficiently detailed, a Rule 7(a) reply must allege "with particularity all material facts on which [the plaintiff] contends [she] will establish [her] right to recovery, which ... include[s] detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Warnock v. Pecos County, Tex.*, 116 F.3d 776, 779 (5th Cir. 1997)(quoting *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985)).  "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.*  A case should not be allowed to proceed unless the plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Schultea*, 47 F.3d at 1434.

Here, Plaintiff's complaint is lacking in specificity and particularity as to the conduct of each of the individual defendants and the facts she contends are sufficient to address their assertion of qualified immunity.  It expressly asserts claims against only two of the defendants, the Sheriffs, and it alleges only that the Sheriffs are liable based on their supervisory roles.  A Rule 7(a) reply is therefore warranted. *See Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995)(finding the complaint deficient in specifying the degree of personal involvement of each of the defendants); *Skinner v. Quarterman*, No. 9:09cv130, 2010 WL 11474367, at *1–2 (E.D. Tex. July 23, 2010) (requiring a Rule 7(a) reply where the complaint alleged that each defendant was responsible by reason of his or her supervisory capacity).

## III.  CONCLUSION

The defendants' motion is **GRANTED**.  Within 21 days, the plaintiff must file a Rule 7(a) reply that is tailored to the individual defendants' assertion of the qualified immunity defense and fairly engages its allegations.  She must support her claim with "sufficient precision

4

and factual specificity to raise a genuine issue as to the illegality of [each] defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434. The plaintiff must state specifically how each individual defendant took actions that deprived her of a constitutionally or statutorily protected right, and how each defendant's conduct caused her injury.

      **SO ORDERED** on this 20th day of February, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE