IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2935-X-BH |
| | § | |
| LUPE VALDEZ, MARIAN BROWN, | § | |
| SAMUEL JOSEPH, LIZYAMMA | § | |
| SAMUEL, UNKNOWN DALLAS | § | |
| EMPLOYEE III, and DALLAS | § | |
| COUNTY, TEXAS, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**SCHEDULING ORDER FOR MOTIONS FOR SUMMARY
JUDGMENT ON THE ISSUE OF QUALIFIED IMMUNITY**

This is a civil rights action under 42 U.S.C. § 1983, in which the plaintiff claims the defendants violated her rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution. In their answer, filed on August 12, 2019, the defendants Lizyamma Samuel and Samuel Joseph, collectively, "Defendants", asserted the defense of qualified immunity.

The Supreme Court has emphasized that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Anderson v. Creighton,* 483 U.S. 635, 646 n.5 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To ensure the early resolution of the qualified immunity issue, the Court enters this scheduling order.

### I. CONSENT TO MAGISTRATE JUDGE

Federal law provides that with the consent of all parties, the Court can reassign this case to a magistrate judge for further proceedings and entry of judgment. In the Dallas Division of the Northern District of Texas, the assignment is made to the magistrate judge randomly assigned to the case at the time it was docketed. This procedure does not adversely affect the right to appeal a judgment directly to the circuit court. A party is free to withhold consent without adverse substantive consequences. If a consent form is not filed within 20 days of the date of this order, the Court will deem that failure as evidence that the parties wish that the cause of action proceed before the district judge to whom the case was assigned. Should all parties subsequently consent to trial by a magistrate judge, however, the district judge may in his/her discretion so order. A consent form is attached for the convenience of the parties to the extent that they wish to exercise this option.

---

[1] By *Standing Order of Reference* filed January 8, 2020 (doc. 43), this case was referred for full case management.

## II.  DEADLINES

A.  **Motion for Summary Judgment**

Defendants shall file motions for summary judgment with supporting evidence on the issue of qualified immunity no later than **April 23, 2020**.

B.  **Discovery**

All discovery against Defendants in their individual capacities is stayed pending a ruling on the motions for summary judgment.  *See Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-95 (5th Cir.), *cert. denied*, 115 S.Ct. 2555 (1995) (citing cases) (holding that stay of discovery is mandatory unless the court is unable to rule on the immunity defense without further clarification of the facts).

To the extent that the plaintiff contends that limited discovery is required in order to respond to the qualified immunity issues raised in the summary judgment motion, the plaintiff may file a motion for leave to conduct discovery by **May 8, 2020**.  The motion must include:  (1) the specific interrogatories plaintiff wants to send to Defendants in their individual capacities; (2) a list of the specific documents or categories of documents plaintiff wants to obtain from Defendants in their individual capacities; and (3) an explanation of why this discovery is necessary to enable the plaintiff to respond to the specific qualified immunity issues raised in the motion for summary judgment.  The Court will review the plaintiff's request to determine whether any or all of the discovery should be allowed.  If the Court grants the motion, an amended scheduling order will issue setting forth the specific discovery allowed as well as deadlines for completion of discovery and response to the motion for summary judgment on the issue of qualified immunity.

C.  **Response to Motion for Summary Judgment**

If the plaintiff does not file a motion for leave to conduct discovery by the deadline in paragraph B above, the plaintiff shall file a written response to Defendants' motion for summary judgment with controverting evidence no later than **May 23, 2020.**

D.  **Reply to Response to Motion for Summary Judgment**

Defendants may file a reply brief to the plaintiff's response, but introduce no additional evidence, no later than **June 12, 2020.**

E.  **Hearing**

The Court will rule on the motion based on the written submissions of the parties without hearing oral argument.

**SO ORDERED** on this 24th day of March, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2935-X-BH |
| | § | |
| LUPE VALDEZ, MARIAN BROWN, | § | |
| SAMUEL JOSEPH, LIZYAMMA | § | |
| SAMUEL, UNKNOWN DALLAS | § | |
| EMPLOYEE III, and DALLAS | § | |
| COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.

**Party or Counsel of Record**                              **Date**

_____        _____

_____        _____

_____        _____

**Note:**  Return this form to the District Clerk only if it has been executed by all parties to the case.
_____

**ORDER OF REASSIGNMENT**

IT IS HEREBY ORDERED that the above captioned matter be reassigned to United States Magistrate Judge Irma Carrillo Ramirez for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties.

DATED:_____        _____

UNITED STATES DISTRICT JUDGE