IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VALERIE JACKSON** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-2935 |
| | § | |
| **LUPE VALDEZ, MARIAN BROWN,** | § | |
| **SAMUEL JOSEPH, LIZYAMMA** | § | |
| **SAMUEL, UNKNOWN DALLAS** | § | |
| **COUNTY EMPLOYEE III, and** | § | |
| **DALLAS COUNTY, TEXAS,** | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S MOTION FOR STAY PENDING DETERMINATION OF APPEAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiff Valerie Jackson and files its Motion for Stay Pending Determination of Appeal, and would respectfully show the Court as follows:

**I.
SUMMARY OF MOTION AND PERTINENT PROCEDURAL BACKGROUND**

The Court, on November 22, 2019, issued its Memorandum Opinion and Order denying Plaintiff's Motion to Recuse. [ECF #41]. On March 23, 2020, the Court issued its Order Accepting Findings and Recommendation of the United States Magistrate Judge and a Partial Judgment dismissing with prejudice all claims against Dallas County and all claims against Defendants Sheriff Lupe Valdez and Sheriff Marian Brown in their official capacities [ECF #s 48, 49].

Plaintiff filed a Notice of Appeal of the above orders and Partial Judgment on March 23, 2020 [ECF #50]. The issues on appeal overlap and are intertwined with Plaintiff's claims against the remaining Defendants' as well as the defenses raised herein. Specifically, resolution as to

whether Dallas County had a policy, practice or custom of performing improper and unconstitutional strip searches overlaps with questions as to the propriety and reasonableness of such searches and the violation of Plaintiff's civil rights. Additionally, the appeal of this Court's ruling on Plaintiff's motion to recuse affects all aspects of Plaintiff's case against the remaining Defendants. Indeed, should the court of appeals reverse this Court's refusal to recuse, all actions and rulings by this Court following the refusal to recuse would be legal nullities. Thus, Plaintiff requests that this case be completely stayed until the pending appeal is fully decided for the reasons detailed more fully below.

## II.
## DETERMINATION OF THE ISSUES ON APPEAL IS IMPORTANT TO PLAINTIFF'S CLAIMS AGAINST THE REMAINING DEFENDANTS.

This court has the inherent power to control its own docket and stay proceedings in this case. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court should employ this inherent power to prevent potential inconsistency and inefficiency resulting from proceeding further in this case. The issue and resolution of the existence of a policy and practice of Dallas County of performing unconstitutional strip searches is important to the claims against other defendants in this case. The Fifth Circuit's answer to whether Dallas County had such a policy, practice, or custom and whether such policy, practice, or custom violated the Plaintiff's civil rights impacts the causes of action against the other remaining defendants. In order to avoid inconsistent rulings and the potential wasting of resources by the parties and this Court, further proceedings should be stayed in this case until resolution of the issues on appeal.

Furthermore, the appeal of the order denying Plaintiff's motion to recuse undeniably affects all other aspects of this case. If the court of appeals holds that the judge of this Court should have recused himself or is otherwise disqualified from presiding, then all actions taken by the Court as to the remaining Defendants would be legal nullities.

It would be practically infeasible, if not nearly impossible, to continue with this case in a fair manner which would not necessarily substantially impinge upon Plaintiff's claims and the defenses raised in this case, particularly as to Defendants' assertion of qualified immunity. To continue only on claims against the remaining Defendants would be a procedural and practical quagmire.

Additionally, there is no harm if this case is abated until the issues on appeal are resolved as the case is at its nascent stage. Plaintiff and Defendants would be saved the cost of potentially unnecessary discovery, or the need to potentially duplicate discovery should the court of appeals reverse and remand. This Court, too, would be spared the use and/or potential waste of judicial resources if this case were abated. Fundamentally, it makes practical sense that addressing all issues and all the Defendants [in every capacity] at one time in a consistent manner is far more efficient that piecemeal proceedings.

### III.
### THIS CASE SHOULD BE STAYED AS THE LIMITATIONS OF THIS COURT'S JURISDICTION MAKES PROCEEDING INEFFICIENT AND IMPRACTICAL.

As held by the Fifth Circuit, "[i]t is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981) (citing 9 Moore's Federal Practice P 203.11, at 3-44 (2d ed. 1980)); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Here, due to the overlapping and intertwined nature of the claims against Dallas County and those against the remaining Defendants, it would appear essentially all issues in relation to the remaining Defendants are on appeal, particularly those related to recusal and the existence of a custom, practice or policy of conducting improper and unconstitutional strip searches. Because it appears this Court has been divested of jurisdiction to act, at least as to primary aspects of this case, a stay is justified and should be entered.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Valerie Jackson prays that the Court grant this Motion for Stay Pending Determination of Appeal, and that Plaintiff have such other relief, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

*/s/ Scott H. Palmer*
SCOTT H. PALMER
Texas Bar No. 00797196
JAMES P. ROBERTS
Texas Bar No. 24105721
Colorado Bar No. 46582

SCOTT H. PALMER, P.C.
15455 Dallas Parkway,
Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com

SEAN R. COX
Texas Bar No. 24031980
LAW OFFICES OF SEAN R. COX

P.O. Box 130864
Dallas, TX 75313
Telephone: (214) 500-9280
Facsimile: (844) 501-8688
scox@coxappellate.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on March 25, 2020, this document was filed and served through the ECF system on all counsel of record.

/s/Scott H. Palmer
Scott H. Palmer

## CERTIFICATE OF CONFERENCE

On March 25, 2020, counsel for Plaintiff, James Roberts, sent the foregoing Motion for Stay Pending Determination of Appeal to Defense counsel, Chong Choe, in an effort to confer on the motion. Defense counsel responded that the County opposes the motion.

/s/Scott H. Palmer
Scott H. Palmer