IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-cv-2935 |
| | § | |
| LUPE VALDEZ, et al., | § | |
| Defendants. | § | |
| | § | |

DEFENDANTS' RESPONSE TO MOTION
FOR STAY PENDING DETERMINATION OF APPEAL
AND BRIEF IN SUPPORT OF DEFENDANTS

JOHN CREUZOT
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dalascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, Texas 75202
(214) 653-7358
(214) 653-6134 (FAX)

JASON G. SCHUETTE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 17827020
jason.schuette@dallascounty.org

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................iv

INTRODUCTION ..................................................................................................................................2

STANDARD OF REVIEW ...................................................................................................................2

      a. Plaintiff is unable to show likely success on the merits.......................................................3

      b. Plaintiff is unable to show irreparable harm .....................................................................4

      c. Defendant would be harmed by a stay ...............................................................................4

      d. The public interest is not served by a stay .........................................................................5

      e. A stay pending determination of the appeal is unwarranted ...............................................5

ARGUMENT AND AUTHORITIES....................................................................................................3

PRAYER....................................................................................................................................................5

CERTIFICATE OF SERVICE ..............................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ........................................................................... 2

*In re: Valerie Jackson*, No. 19-11328 (5th Cir. 2019) ................................................................... 3

*Mazurek v. U.S.*, WL 260064 (E.D. Louisiana 2001) .................................................................. 2

*National Treasury Employees Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir.1987) (per curiam) ..................................................................................................................................... 3

*Nken v. Holder*, 556 U.S. 418, 437 (2009) ................................................................................... 2

*ODonnell v. Goodhart*, 900 F.3d 220, 223 (5th Cir. 2018) ......................................................... 2

*Planned Parenthood of Greater Tex. Surgical Health Servcs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) ......................................................................................................................... 2

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981) .................................................. 3

*United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir.1983) ................................... 3

*Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23–24 (5th Cir.1992) ............................. 3

**STATUTES**

FED. R. CIV. P. 5(b)(2)(E) ............................................................................................................ 7

LOCAL RULE 5.1(d) ..................................................................................................................... 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-cv-2935 |
| | § | |
| LUPE VALDEZ, et al., | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' RESPONSE TO MOTION
FOR STAY PENDING DETERMINATION OF APPEAL
AND BRIEF IN SUPPORT OF DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants Dallas County, Texas, Lupe Valdez, Marian Brown, Samuel Joseph and Lizyamma Samuel ("Defendants") and files this Response to the Motion for Stay Pending Determination of Appeal filed by Plaintiff Valerie Jackson. In support thereof, Defendants would show the Court as follows:

*Defendants' Response to Motion for Stay Pending Determination of Appeal and Brief in Support of Defendants – 1*

I.

**INTRODUCTION**

Plaintiff has moved this Court for a stay during the pendency of proceedings in the Fifth Circuit Court of Appeals on Plaintiff's appeal of this Court's: 1) Memorandum Opinion and Order denying Plaintiff's Motion to Recuse; 2) Order Accepting Findings and Recommendation of the United States Magistrate Judge; and 3) Partial Judgment dismissing all claims against Dallas County and all claims against Defendants Sheriff Lupe Valdez and Sheriff Marian Brown in their official capacities. Plaintiff has not yet filed a petition with the Fifth Circuit.

II.

**STANDARD OF REVIEW**

The standard of review governing motions to stay proceedings pending appeal considers the following factors: 1) Plaintiff's strong showing of a likelihood of success on the merits; 2) Plaintiff's irreparable harm; 3) no substantial harm to other parties; and 4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 437 (2009); *Planned Parenthood of Greater Tex. Surgical Health Servcs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). The first two factors are usually the most important. *See Nken*, 556 U.S. at 434; *ODonnell v. Goodhart*, 900 F.3d 220, 223 (5th Cir. 2018); *Mazurek v. U.S.*, WL 260064 (E.D. Louisiana 2001). However, as explained in *Mazurek*, "Courts in this [5th] Circuit have refused to apply these factors in a mechanical fashion, holding that 'the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.'" *See Mazurek* at 1 quoting

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981); *see also National Treasury Employees Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir.1987) (per curiam); *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir.1983). *But see Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23–24 (5th Cir.1992) (cautioning against improper application of the *Ruiz* standard). "If the balance of equities is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Ruiz*, 650 F.2d at 565–66.

### III.

### ARGUMENT AND AUTHORITIES

**Plaintiff is unable to show likely success on the merits**

Plaintiff has made no showing of a likelihood of success on the merits and has not even addressed this factor in their motion. In fact, although Plaintiff contends that resolution on their Petition for Writ of Mandamus in Plaintiff's favor could completely change the outlook of the case, Plaintiff fails to note that the court of appeals has already reviewed this issue since Plaintiff's Petition for Writ of Mandamus (based on this Court's November 22, 2019 denial of Plaintiff's Motion to Recuse (Doc 41)) was denied by the court of appeals on December 19, 2019. (Doc 42). Furthermore, although Plaintiff filed a Petition for En Banc Consideration on January 2, 2020, the court of appeals denied the Petition for En Banc Consideration on January 28, 2020[1]. Since both this court and the court of appeals have already addressed this issue and ruled against Plaintiff, Plaintiff is unable to show a likelihood of success on the merits.

---

1 Defendants would request the Court to take judicial notice of the denial of Plaintiff's Petition for En Banc Consideration. *In re: Valerie Jackson*, No. 19-11328 (5th Cir. 2019).

*Defendants' Response to Motion for Stay Pending Determination of Appeal and Brief in Support of Defendants – 3*

With respect to Plaintiff's claims that a resolution in their favor on the question of municipal liability could potentially change this case, such speculation is insufficient to meet this factor and to justify a stay as Plaintiff is required to demonstrate not just that their proposed appeal "could" succeed if a certain outcome were reached, but that Plaintiff has a *strong likelihood* of success; Plaintiff has failed to do so. Finally, as this court has already addressed all of Plaintiff's issues after careful consideration of the documents filed by both parties, it would be unlikely that the court of appeals would come to a different decision and Plaintiff is unable to show they are likely to succeed on the merits. Accordingly, this factor should be weighed heavily in favor of Defendants.

### Plaintiff is unable to show irreparable harm

Plaintiff has made no showing of irreparable harm and indeed has not even addressed this factor in their motion. Furthermore, Plaintiff is unable to show irreparable harm as Plaintiff's remaining claims would remain available to address with or without a stay. Accordingly, this factor should be weighed heavily in favor of Defendants.

### Defendant would be harmed by a stay

Plaintiff contends that there is no harm if this case is abated until the issues on appeal are resolved and argues that the parties would be saved the cost of potentially unnecessary discovery on the off chance that the court of appeals were to reverse and remand. Plaintiff further contends that this court would be spared the use and potential waste of judicial resources with a stay. However, Plaintiff fails to note that a stay would cause harm to Defendants by extending the length of time and resources necessary for Defendants to reach final resolution on the claims in this case. Defendants

would contend that there is no cause for delay and the expedient resolution of this case would be a more, rather than a less, efficient and prudent utilization of resources by both the parties and the court. Accordingly, this factor should be weighed in favor of Defendants.

### The public interest is not served by a stay

Plaintiff has made no showing that a stay would serve the public interest and, at most, could be said to have touched on this issue in their lone argument regarding harm to the Defendants. However, as noted above, efficient resolution of cases would seemingly be of greater service to the public interest than a needless stay to prolong the length of time needed to resolve this case. Furthermore, with no attempt to address or even assert that the public interest is served by a further delay of this case, the Court should find the public is better served if this case proceeds. Accordingly, this factor should be weighed in favor of Defendants.

### A stay pending determination of the appeal is unwarranted

Considering the factors for review in the decision to grant a stay, Plaintiff has not established, and indeed, is unable to establish that a stay is warranted in this case. Accordingly, a consideration of all of the factors establishes that a stay is unwarranted in this case and that Plaintiff's Motion should be denied.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that: (1) the Court denies Plaintiff's Motion for Stay Pending Determination of Appeal; (2) all relief requested by Plaintiff be denied; and (3) for such other and further relief, general or special, at

law and in equity, to which it may be justly entitled.

        Respectfully submitted,

        JOHN CREUZOT
        DISTRICT ATTORNEY

        /s/ Chong Choe _____
        CHONG CHOE
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 24012421
        chong.choe@dallascounty.org

        HILARY MILLER
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 24063868
        hilary.miller@dallascounty.org

        CIVIL DIVISION
        Dallas County Administration Building
        411 Elm Street, 5th Floor
        Dallas, TX 75202
        (214) 653-7358
        (214) 653-6134 (FAX)

        JOHN BUTRUS
        ASSISTANT DISTRICT ATTORNEY
        TEXAS BAR NO. 03537330
        john.butrus@dallascounty.org

        FEDERAL LITIGATION DIVISION
        Frank Crowley Courts Building
        133 N. Riverfront Blvd., LB 19
        DALLAS, TEXAS 75207-4399
        (214) 653-3691
        (214) 653-2899 (FAX)

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

/s/ Chong Choe
CHONG CHOE
