IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALERIE JACKSON § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> LUPE VALDEZ, MARIAN BROWN, § <br> SAMUEL JOSEPH, LIZYAMMA § <br> SAMUEL, UNKNOWN DALLAS § <br> COUNTY EMPLOYEE III, and § <br> DALLAS COUNTY, TEXAS, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 3:18-cv-2935 |

**MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY REGARDING QUALIFIED IMMUNITY**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiff Valerie Jackson and files this Motion for Leave to Conduct Limited Discovery. In support thereof, Plaintiff respectfully shows the Court as follows:

**INTRODUCTION AND BACKGROUND**

On or about November 4, 2016, Relator Valerie Jackson was a pre-trial detainee at the Dallas County jail. She was booked for Possession of a Weapon in a Prohibited Place – essentially, she forgot to remove her firearm from her bag before going to the airport.

Valerie Jackson was assigned the sex of male at birth. Ms. Jackson is a transgender woman, and lives as a woman. Ms. Jackson had her gender legally changed to female prior to the events giving rise to her causes of action in this case

During the intake process at the jail, although the jail staff verified Ms. Jackson's name and gender on her driver's license, she was compelled to expose her genitalia to jail staff in order to confirm her gender.

___
PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY              P a g e | 1

Lupe Valdez, Marian Brown, Samuel Joseph, Lizyamma Samuel, and Unknown Dallas County Employee III (the "Individual Defendants") have been sued under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, in particular, the unreasonable strip search of Valerie Jackson for the sole purpose of determining the inmate's genital status, as well as the failure to train and supervise by Sheriff Lupe Valdez and Sheriff Marian Brown that resulted in the illegal strip search and her improper placement with the male detainee population. ECF #46, p. 4.

## ARGUMENTS AND AUTHORITIES

### I.  Court's Order

This Court ordered that Plaintiff may file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion by May 8, 2020. ECF #51.

This Court ordered that any motion for leave must include: (1) the specific interrogatories plaintiff wants to send to Defendants in their individual capacities; (2) a list of the specific documents or categories of documents plaintiff wants to obtain from Defendants in their individual capacities; and (3) an explanation of why this discovery is necessary to enable the plaintiff to respond to the specific qualified immunity issues raised in the motion for summary judgment. *Id*.

### II.  Issues for which Plaintiff needs to obtain evidence.

Defendants have moved for summary judgment claiming they are entitled to qualified immunity.  Defendants argue that they are entitled to qualified immunity unless Plaintiff can raise an issue of material fact as to the Defendants violating a statutory or constitutional right, and 2) that the right was clearly established at the time of the challenged conduct. ECF #58 at pp.3-4 (citing *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)). Defendants have argued that the Court must determine whether the individual defendants violated Plaintiff's constitutional rights, and whether Defendants' actions were objectively unreasonable in light of clearly

established law at the time of the conduct in question. Defendants deny that any constitutional violation occurred or that any right was violated.

Thus, Plaintiff needs to conduct discovery in order to demonstrate material questions of fact as to Defendants' violation of her constitutional rights and that Defendants' actions were objectively unreasonable.

### III.  Plaintiff requests limited discovery to respond to the qualified immunity issue raised in Defendants' Summary Judgment Motion.

Plaintiff respectfully requests this Court permit her to serve Defendants with the following discovery requests:

**DEPOSITION OF CAPTAIN SHELLEY KNIGHT:** This deposition will be narrowly tailored and needed to evidence any training or discipline Defendants received or provided in relation to the treatment or mistreatment of transgender individuals at the Dallas County jail from January 1, 2010 until December 31, 2018. Dallas County Sheriff's Department Captain Shelley Knight has publicly stated that Dallas County policies were not followed or misconstrued in relation to the mistreatment of Plaintiff. Should the Court deny Plaintiff's request for a deposition of Captain Knight, Plaintiff requests that these questions be made as interrogatories.

Specifically, Plaintiff needs to inquire as to the following:

1. Policies Captain Knight referenced which were not followed or misconstrued;
2. Any training provided on such policies;
3. Any supervision provided in relation to such policies; and
4. Whether the training and supervision, or lack thereof, was with deliberate indifference to the rights of transgender jail detainees in the Dallas County jail.
5. Have previous complaints been filed in relation to searches performed on transgender individuals;

6. Any training Captain Knight has been provided regarding the treatment of transgender individuals;

7. Who provides training and supervision for the implementation of policies regarding the treatment of transgender individuals;

8. Whether Captain Knight is aware of any other times when written policies regarding the treatment of transgender individuals have not been followed or have been "misconstrued";

9. Whether medical personnel working in the jail performing searches are acting under the direction and/or control of Dallas County.

This information will also demonstrate whether Defendants were supervised during their interactions with Plaintiff. This information will also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment.

The information obtained from Captain Knight's deposition and/or interrogatories will support Plaintiff's claim that Defendants violated her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 1**: At whose direction was the search of Plaintiff's genitalia performed?

This interrogatory is narrowly tailored to the factual issue of whether the search was performed by Dallas County employees or those acting at the direction, under the control, and on behalf of Dallas County. The information will support Plaintiff's claim that Defendants violated her constitutional rights.

**INTERROGATORY NO. 2:** What training had the person who directed the search of Plaintiff's genitalia received regarding searches of transgender inmates, including their genitalia,

and placement of transgender inmates, when was that training conducted, and who provided that training?

This interrogatory is narrowly tailored and needed to evidence any training or discipline Defendants received or provided in relation to conduct at the Dallas County jail in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate the level of supervision provided, if any, in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also identify the individuals responsible for training and supervision at the Dallas County jail, and any training or supervision provided, or the lack thereof. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 3**: Who was present during the search of Plaintiff's genitalia?

This interrogatory is narrowly tailored to the factual issue of whether the search was performed by Dallas County employees or those acting at the direction, under the control, and on behalf of Dallas County. The information will support Plaintiff's claim that Defendants violated her constitutional rights.

**INTERROGATORY NO. 4:** What training had the Dallas County employees who were present during the search of Plaintiff's genitalia received regarding searches of transgender inmates, including their genitalia, and placement of transgender inmates, when was that training conducted, and who provided that training?

This interrogatory is narrowly tailored and needed to evidence any training or discipline Defendants received or provided in relation to conduct at the Dallas County jail in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate the level of supervision provided, if any, in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also identify the individuals responsible for training and supervision at the Dallas County jail, and any training or supervision provided, or the lack thereof. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 5**: Describe any investigation, including results of such investigation and the identity of individuals, departments, or divisions involved, in relation to the search performed on Plaintiff to determine her biological sex/gender, her placement based on biological vs. legal sex/gender, or the events forming the basis of the complaints in this case.

This interrogatory is narrowly tailored and needed to evidence any training or discipline Defendants received or provided. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff. These materials will also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals. The information will support Plaintiff's claim that Defendants violated

her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 6**: Describe any investigation, including results of such investigation and the identity of individuals, departments, or divisions involved, in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender from January 1, 2010 until December 31, 2018.

This interrogatory is narrowly tailored and needed to evidence any training or discipline Defendants received or provided in relation to conduct at the Dallas County jail in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate the level of supervision provided, if any, in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also identify the individuals responsible for training and supervision at the Dallas County jail, and any training or supervision provided, or the lack thereof. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants violated her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 7**: Identify and describe any and all training provided by or to Defendants in relation to the treatment of transgender detainees at the Dallas County jail from January 1, 2010 until December 31, 2018.

This interrogatory is narrowly tailored and needed to evidence any training or discipline Defendants received or provided in relation to conduct at the Dallas County jail in relation to

searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate the level of supervision provided, if any, in relation to searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also identify the individuals responsible for training and supervision at the Dallas County jail, and any training or supervision provided, or the lack thereof. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 8**: Identify and describe any and all policies Captain Knight has referenced which were not followed or were misconstrued.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 9**: Identify and describe any training provided on policies Captain Knight has referenced which were not followed or were misconstrued.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological

sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 10**: Describe any supervision provided in relation to policies Captain Knight has referenced which were not followed or were misconstrued.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 11**: Describe whether the training and supervision, or lack thereof, in relation to policies Captain Knight has referenced which were not followed or were misconstrued, was with deliberate indifference to the rights of transgender jail detainees in the Dallas County jail.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 12**: Describe any training Captain Knight has received in relation to the treatment of transgender jail detainees in the Dallas County jail.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 13**: Identify the specific individuals providing training and supervision in relation to the treatment of transgender jail detainees in the Dallas County jail.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 14**: Identify and describe any other times when written policies in relation to the treatment of transgender jail detainees in the Dallas County jail have not been followed or have been "misconstrued".

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 15**: Explain whether medical personnel working in the jail performing searches are acting under the direction and/or control of Dallas County.

This interrogatory is narrowly tailored and needed to evidence those responsible for the mistreatment of Plaintiff and any failures in supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information will also demonstrate whether the supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**INTERROGATORY NO. 16**: Identify and describe any and all previous complaints that have been filed in relation to searches performed on transgender individuals.

This interrogatory is narrowly tailored and needed to evidence any failures in training or supervision in relation searches conducted at the Dallas County jail to determine biological sex/gender or placement of individuals based on biological or legal sex/gender. This information

will also demonstrate whether the training and supervision provided to Dallas County employees was done with deliberate indifference to the rights of transgender individuals.

The information will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**REQUEST FOR PRODUCTION NO. 1**: All audio/video recordings of any interaction between any Dallas County employee and Plaintiff that makes the basis of this lawsuit.

This request for production is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred. These materials will assist in demonstrating the conduct of Defendants and whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

**REQUEST FOR PRODUCTION NO. 2**: For the dates November 4, 2016, April 19, 2017, and June 15, 2018, produce any videos and/or audio recordings of the Dallas County Jail for the following locations:

- o Areas where searches are performed.
- o Areas of detainee confinement.
- o Areas where Plaintiff would have interacted with any Dallas County employee or jail detainees.

This request for production is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred. These materials will assist in demonstrating the conduct of Defendants and whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

**REQUEST FOR PRODUCTION NO. 3**: Complete and unredacted personnel records for any detention personnel having contact with Plaintiff on the following dates: November 4, 2016, April 19, 2017, and June 15, 2018.

This request for production is narrowly tailored and needed to evidence any training or discipline Defendants received or provided. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff. These materials will also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

**REQUEST FOR PRODUCTION NO. 4**: Complete and unredacted records or documentation of any sort in relation to Plaintiff.

This request for production is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred. These materials will assist in demonstrating the conduct of Defendants and whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff. These materials will also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

**REQUEST FOR PRODUCTION NO. 5**: Complete and unredacted records or documentation of any sort in relation to any investigation conducted by any Dallas County entity regarding Plaintiff or the events forming the basis of the complaints in this case, specifically, but not limited to, the search of Plaintiff to determine her biological sex/gender and her placement with the male detainee population.

This request for production is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred. These materials will assist in demonstrating whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment. These materials will also demonstrate any training or discipline Defendants received or provided. These materials will also demonstrate whether Defendants were supervised during their interactions with Plaintiff.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**REQUEST FOR PRODUCTION NO. 6**: Any documents of any kind, including but not limited to memoranda, correspondence, notice, announcement, email, or text messages, that in any way mentions or addresses Plaintiff or the events forming the basis of the complaints in this case, specifically, but not limited to, the search of Plaintiff to determine her biological sex/gender and her placement with the male detainee population.

This request for production is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred. These materials will assist in demonstrating whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions

that would be taken by reasonable detention personnel. These materials will demonstrate subsequent training provided, if any, and whether any supervision provided by or in relation to Defendants.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

**REQUEST FOR PRODUCTION NO. 7**: Copies of any complaints filed in relation to searches performed on transgender individuals.

This request for production is narrowly tailored and these materials will assist in demonstrating whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate the training provided to Dallas County employees regarding transgender detainees by Defendants and any supervision of Dallas County employees regarding transgender detainees. These materials will also demonstrate any deliberate indifference to the treatment of transgender detainees in general.

These materials will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

**REQUEST FOR PRODUCTION NO. 8**: Copies of any records or documentation reflecting searches performed on transgender individuals.

This request for production is narrowly tailored and these materials will assist in demonstrating whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate the training provided to Dallas County employees regarding transgender detainees by Defendants and any supervision of Dallas County employees regarding transgender detainees.

These materials will also demonstrate any deliberate indifference to the treatment of transgender detainees in general.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**REQUEST FOR PRODUCTION NO. 9**: Copies of any materials regarding investigations or disciplinary actions taken in relation to searches performed on transgender individuals from January 1, 2016 to December 31, 2018.

This request for production is narrowly tailored and these materials will assist in demonstrating whether the treatment Plaintiff was forced to endure was unreasonable or out of line with actions that would be taken by reasonable detention personnel. These materials will also demonstrate the training provided to Dallas County employees regarding transgender detainees by Defendants and any supervision of Dallas County employees regarding transgender detainees. These materials will also demonstrate any deliberate indifference to the treatment of transgender detainees in general.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights and that such was unreasonable in view of clearly established law at the time of the violation.

**REQUEST FOR PRODUCTION NO. 10**: Copies of any duty roster, schedule, calendar, or other document reflecting personnel on duty for the following dates: November 4, 2016, April 19, 2017, and June 15, 2018.

This request for production is narrowly tailored and needed to identify Dallas County employees with whom Plaintiff would have interacted and whom may have been involved in her mistreatment. These materials will assist in demonstrating any supervision provided over Dallas County employees.

These materials will support Plaintiff's claim that Defendants violated her constitutional rights.

## CONCLUSION

Plaintiff respectfully requests that this Court grant leave for Plaintiff to conduct the limited discovery requested herein so that Plaintiff can adequately respond to Defendants' Motion for Summary Judgment. Plaintiff further prays for all other relief, both legal and equitable, to which she may show himself justly entitled.

        Respectfully submitted,

        */s/ Scott H. Palmer*
        SCOTT H. PALMER
        Texas Bar No. 00797196
        JAMES P. ROBERTS
        Texas Bar No. 24105721
        Colorado Bar No. 46582

        SCOTT H. PALMER, P.C.
        15455 Dallas Parkway,
        Suite 540, LB 32
        Dallas, Texas 75001
        Tel: (214) 987-4100
        Fax: (214) 922-9900
        scott@scottpalmerlaw.com
        james@scottpalmerlaw.com

        SEAN R. COX
        Texas Bar No. 24031980
        LAW OFFICES OF SEAN R. COX
        P.O. Box 130864
        Dallas, TX 75313
        Telephone: (214) 500-9280
        Facsimile: (844) 501-8688
        scox@coxappellate.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I certify that on May 8, 2020, this document was filed and served through the ECF system on all counsel of record.

              */s/Scott H. Palmer*
              Scott H. Palmer