**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VALERIE JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:18-cv-2935** |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
LIMITED DISCOVERY REGARDING QUALIFIED IMMUNITY AND BRIEF IN
SUPPORT OF DEFENDANTS**

**JOHN CREUZOT
DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS**

CHONG CHOE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, Texas 75202
(214) 653-7358
(214) 653-6134 (FAX)

JASON G. SCHUETTE
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 17827020
jason.schuette@dallascounty.org

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES .............................................................................. iii

I. INTRODUCTION ......................................................................................... 2

II. ARGUMENTS AND AUTHORITIES ......................................................... 16

III. SPECIFIC OBJECTIONS  .......................................................................... 17

PRAYER ............................................................................................................ 16

CERTIFICATE OF SERVICE  ......................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) .......... 4, 5, 6, 7

*Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985) ................................................. 5

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) .................... 5, 7

*Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) .................................... 8, 15

*Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)........................................... 8, 15, 16

*Mitchell v. Forsyth*, 105 S.Ct. 2806, 2815 (1985) ................................................. 7, 15

*Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir.1991) ......................................... 6

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ................................ 5

*Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ......................... 5, 6

*Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995)............ 7, 15, 16

*Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)............................... 6

**STATUTES**

LOCAL RULE § 5.1(d) ....................................................................................... 17

FED. R. CIV. P. § 5(b)(2)(E) ............................................................................... 17

**OTHER AUTHORITIES**

42 U.S.C. § 1983......................................................................................... 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VALERIE JACKSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:18-cv-2935** |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |
| | § | |

---

**DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY FOR QUALIFIED IMMUNITY AND BRIEF IN SUPPORT OF
DEFENDANTS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Samuel Joseph and Lizyamma Samuel ("Defendants")[1] and files this Response and Brief to the Plaintiff's Motion for Leave to Conduct Limited Discovery Regarding Qualified Immunity filed by Plaintiff Valerie Jackson. In support thereof, Defendants would show the Court as follows:

---

1 To the extent that Plaintiff maintains claims against Defendants Valdez and Brown in their individual capacities, Defendants Valdez and Brown join in this motion.

*Defendants' Response to Plaintiff's Motion for Leave to Conduct Limited Discovery Regarding Qualified Immunity and Brief in Support of Defendants – 1*

# I.

## INTRODUCTION

Plaintiff filed suit against multiple Defendants, including: 1) Dallas County, 2) Sheriffs Marian Brown and Lupe Valdez, in their individual and official capacities; 3) numerous employees of Dallas County in their individual capacities; and 4) numerous Unknown Defendants. (doc. 1). Subsequently, Plaintiff dismissed their claims as to numerous Defendants, leaving their claims against: 1) Dallas County; 2) Sherriffs Marian Brown and Lupe Valdez, in their individual and official capacities; 3) Samuel Joseph; 4) Lizaymma Samuel; and 5) Unknown Dallas Employee III. (doc. 18). This Court has previously dismissed Plaintiff's claims against: 1) Dallas County; and 2) Sheriffs Marian Brown and Lupe Valdez, in their official capacities. (doc. 48). Subsequently, Defendants Joseph, Samuel and Sheriffs Brown and Valdez, in their individual capacities, filed a Motion for Summary Judgment based on Qualified Immunity. (doc. 57).

Defendants' Motion for Summary Judgment sets forth Defendants' arguments that the summary judgment evidence establishes that: 1) Defendants did not conduct an invasive and unconstitutional search under the Fourth and Fourteenth Amendments during Jackson's confinement in the Dallas County Jail, or that Defendants are entitled to qualified immunity in this suit from such claims; 2) Defendant did not violate due process under the Fifth and Fourteenth Amendments or that Defendants are entitled to qualified immunity in this suit from such claims; and 3) Sheriff Valdez or Sheriff Brown did not fail to train and supervise personnel at the jail adequately or that Sheriff Valdez or Sheriff Brown are entitled to qualified immunity

in this suit from such claims. (*Id.*). In support of their motion, Defendants provided affidavits from Samuel Joseph, Lizyamma Samuel, Jimmy Patterson and Chief Deputy Fredrick Robinson. (*Id.*). The affidavits explain the lack of involvement by Defendants in the incident in question. (*Id.*).

On March 24, 2020, prior to the filing of Defendants' Motion for Summary Judgment, this Court stayed all discovery against Defendants in their individual capacities pending a ruling by this Court on Defendants' Motion for Summary Judgment. (doc. 51, p. 2). Plaintiff has moved this Court for leave to conduct limited discovery regarding qualified immunity. (doc 60). Defendants object to the Plaintiff's request for discovery as the proposed discovery is irrelevant, overbroad, and not limited to the issues of qualified immunity raised in Defendants' Motion for Summary Judgment. Furthermore, Plaintiff has failed to allege the dreprivation of an actual constitutional right that was clearly established and sufficiently clear that a reasonable official would understand that what they were doing violated that right.

To the extent that Plaintiff contends that limited discovery is required in order to respond to the qualified immunity issues raised in the summary judgment motion, Plaintiff was invited to file a motion for leave to conduct discovery. (doc. 51, p. 2). This Court directed that this motion must include: (1) the specific interrogatories plaintiff wants to send to **Defendants in their individual capacities**; (2) a list of the specific documents or categories of documents plaintiff wants to obtain from **Defendants in their individual capacities**; and (3) an explanation of **why this discovery is necessary** to enable the plaintiff **to respond to** the **specific qualified immunity issues raised in the motion for summary judgment**. (*Id.*

(emphasis added)).

Defendants oppose Plaintiff's motion and proposed discovery as it does not comply with the requirements of this Court's scheduling order. (*Id.*) Plaintiff misconstrues the breadth of discovery she is permitted to seek, as rather than providing proposed discovery for Defendants in their individual capacities, Plaintiff seeks full discovery from Dallas County, which is no longer a party to this suit, as well as the deposition (or, alternatively, certain interrogatories) of a Dallas County employee, Captain Shelley Knight, who is not a party to this suit and was not present or alleged to have been present during the incidents that are the basis of Plaintiff's suit. (doc. 60, p. 4). Accordingly, Captain Knight would have no personal knowledge of the basis for any actions taken or not taken, or the reasons for any actions taken or not taken.  Plaintiff is required to show that the actions taken by Defendants were a violation of a constitutional right and that such right was "sufficiently clear such that a reasonable official would understand that what he [was] doing violate[d] that right." *Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The subjective intent of the defendant-official is irrelevant. *Id.* at 3040. Accordingly, any information by Captain Knight regarding any policies of the Dallas County Jail or of any training or supervision provided to Captain Knight herself, or to Defendants Joseph and Samuel, would be irrelevant to the question of whether a reasonable official would understand that the alleged actions were a violation of a clearly established constitutional right.

Furthermore, Defendants contend that there is no causal connection between any alleged policies in place and any purported deliberate indifference to their implementation and that the

allegations by Plaintiff were insufficient to show that Sheriffs Brown or Valdez had notice of the 2016 incident involving Plaintiff or any other incident. None of the discovery sought by Plaintiff is directed toward overcoming this deficiency in Plaintiff's pleadings.

## II.

## ARGUMENT AND AUTHORITIES

Government officials are entitled to qualified immunity as long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Anderson,* 107 S.Ct. at 3039. The intention of the qualified immunity defense was to balance the need to curtail abuses of government office with the expense of litigation, the diversion of official energy from persistent public issues, and deterrence from government service. *Harlow*, 102 S.Ct. at 2736; *see also Scheuer v. Rhodes*, 416 U.S. 232, 247, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1974). Qualified immunity protects these competing interests while allowing trial courts to resolve "insubstantial claims" before the expense of discovery and trial. *Harlow*, 102 S.Ct. at 2738; s*ee also Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985) (*Harlow* was "born out of the experience-based recognition" that government officials are entitled to be free from "overwhelming preliminaries of modern litigation" until the right to immunity is considered).

The United States Supreme Court has developed a two-step process for addressing a claim of qualified immunity. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). First, the court must determine whether the plaintiff has alleged the

deprivation of an actual constitutional right. *Wilson v. Layne*, 526 U.S. 603, 609–11, 119 S.Ct. 1692, 1697, 143 L.Ed.2d 818 (1999); *Siegert*, 111 S.Ct. at 1793. "Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Siegert*, 111 S.Ct. at 1793; *see also Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir.1991). Accordingly, if Plaintiff is unable to allege the deprivation of a constitutional right, no further analysis is necessary. For the second step, if a plaintiff successfully alleges the deprivation of a constitutional right, then a court must decide whether that constitutional right was clearly established at the time of the alleged violation. *Wilson*, 119 S.Ct. at 1697; *Siegert*, 111 S.Ct. at 1793–94. The United States Supreme Court has specified that a constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 107 S.Ct. at 3039. If it is necessary to progress to the second step, a court would look at the unique circumstances of a case and this step must be assessed viewing the facts of that case. *Id.*, 107 S.Ct. at 3039–40. It is important to note that the subjective intent of the defendant-official is irrelevant. *Id.* at 3040.

## III.

## <u>SPECIFIC OBJECTIONS</u>

### Plaintiff's Discovery Request is Irrelevant and Overbroad

Plaintiff requests documentation that is irrelevant and overbroad. Plaintiff is unable to identify a clearly established violation of a constitutional right; Plaintiff's requests for discovery

from Dallas County goes far beyond the discovery needed to prove that qualified immunity fails. Rather, the requested discovery by Plaintiff falls outside the parameters of the concept of limited discovery in order to respond to issues of qualified immunity. As per this Court's Scheduling Order, (doc 51), Plaintiff was to include the "**specific interrogatories plaintiff wants to send to Defendants in their individual capacities**" and "**a list of the specific documents or categories of documents plaintiff wants to obtain from Defendants in their individual capacities**." (doc. 51, p. 2 (emphasis added)). However, despite the specific instructions provided by the Court's Scheduling Order, none of the discovery requests proposed by the Plaintiff are addressed to any of the remaining Defendants in their individual capacity. Furthermore, even if such discovery proposed to be presented to Dallas County, a third party, were permitted, the discovery is not narrowly tailored to address the qualified immunity issues specifically set forth in Defendants' Motion for Summary Judgment.

One of the main purposes of qualified immunity is to protect public officials from "broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 107 S.Ct. at 3042 n. 6 (quoting *Harlow*, 102 S.Ct. at 2737–38). However, not all discovery is prohibited. A district court may allow limited discovery if it determines that the plaintiff has alleged facts which, if proved, would overcome the defense of qualified immunity. *Mitchell v. Forsyth*, 105 S.Ct. 2806, 2815 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *see also Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995), *cert. denied*, 515 U.S. 1131, 115 S.Ct.

2555, 132 L.Ed.2d 809 (1995); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The discovery must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Wicks*, 41 F.3d at 994 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)).

Plaintiff filed her Motion for Leave to Conduct Limited Discovery Regarding Qualified Immunity on May 8, 2020. (doc. 60). Again, Plaintiff did not comply by addressing each request to the individual defendants in their individual capacities, but instead is seeking broad-sweeping discovery from Dallas County, a third party, and contends that the following discovery is necessary in order to resolve the issue of qualified immunity. Plaintiff specifically seeks the deposition of a non-party employee of Dallas County, Captain Shelley Knight; however, Captain Knight was not present and is not alleged to have been present at the Dallas County Jail for the alleged search. Accordingly, Captain Knight would have no personal knowledge of the facts alleged by Plaintiff at the time they occurred. The requests for production are all encompassing, not limited to the qualified immunity issues specifically raised in Defendants' Motion for Summary Judgment, and represent an attempt to seek a mountain of information in the pursuit of full discovery in preparation for trial.

1.     **Deposition of Dallas Sheriff's Officer Captain Shelley Knight**. (doc. 60, p. 3).

a.     Plaintiff claims this deposition is needed to evidence any training or discipline Defendants received or provided in relation to the treatment or mistreatment of transgender individuals at the Dallas County jail from January 1, 2010 until December 31, 2018.

b.      Defendants oppose this deposition and requested interrogatories due to the fact that Captain Knight has no personal knowledge of the incidents made the basis of this suit and any information she might provide is irrelevant to the issues currently before this court. Furthermore, through this deposition of Captain Knight, Plaintiff states she will attempt to "identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify those involved in her mistreatment." (doc. 60, p. 4). However, the scope of limited discovery for purposes of responding to the qualified immunity issues raised in Defendants' Motion for Summary Judgment is not grounds for seeking full discovery from a third party for the information listed as being sought by Plaintiff. Again, the issues raised by Defendants are based on the assertion that Plaintiff has not articulated, assuming she could prove her allegations occurred as she states, that: 1) there was a violation of a constitutional right that was clearly established such that it would be sufficiently clear for a reasonable official to understand that what he was doing violated that right; or 2) that there was a causal connection between any policies in place and Sheriffs Brown or Valdez and that they acted with deliberate indifference.

**2.      Request for Production No. 1:** All audio/video recordings of any interaction between any Dallas County employee and Plaintiff that comprise the basis of this lawsuit. (doc. 60, p. 12).

a.      Plaintiff claims this request for production is narrowly tailored and necessary.

b.      Defendants oppose this request for production as being overbroad and literally asking for any and all audio/visual recordings from the Plaintiff's multiple jail bookins and time at the Dallas County Jail over multiple years. There is no narrow tailoring in order to specifically seek out information that would address the qualified immunity

issues raised in Defendants' Motion for Summary Judgment.

3.      **Request for Production No. 2:** For the dates November 4, 2016, April 19, 2017, and June 15, 2018, produce any videos and/or audio recordings of the Dallas County Jail for the following locations: Areas where searches are performed, areas of detainee confinement, areas where Plaintiff would have interacted with any Dallas County employee or jail detainees. (doc. 60, p. 12.).

     a.      Plaintiff has reproduced their first request for production and slightly narrowed it to the three times the Plaintiff was booked into jail, but they are again asking for any and all audio or video recordings throughout the jail.

     b.      Defendants oppose this broad and expansive request.  Furthermore, areas where strip searches are performed have no recording devices present.  Defendants would again contend that this request is not narrow tailoring in order to specifically seek out information that would address the qualified immunity issues raised in Defendants' Motion for Summary Judgment.

4.      **Request for Production No. 3:** Complete and unredacted personnel records for any detention personnel having contact with Plaintiff. (doc. 60, p. 13).

     a.      Plaintiff claims that this request for all unredacted personnel records for "any detention personnel having contact with Plaintiff" is narrowly tailored and needed to evidence any training or discipline Defendants received or provided, and that the personnel records will identify whether Defendants were supervised during their interactions with Plaintiff and also identify the individuals with whom Plaintiff interacted while detained at the Dallas County jail and identify

those involved in her mistreatment.

b.      Defendants oppose this overbroad and expansive expedition into all detention personnel who may have interacted with the Plaintiff. There is no reason to believe that Plaintiff somehow needs the complete unredacted personnel files of personnel that would include job applications, personal information, professional reviews, certifications, etc. and no explanation for how such information would be relevant or necessary to the Plaintiff in order to address the specific qualified immunity issues raised by Defendants' Motion for Summary Judgment. This request is merely an attempt by the Plaintiff to search for more names to add to and serve as future Defendants; this request is obviously not narrowly tailored toward the remaining Defendants in their individual capacities and in no way goes toward answering the question of whether a reasonable person would believe that a clear constitutional right was violated.

**5.      Request for Production No. 4:** Complete and unredacted records or documentation of any sort in relation to Plaintiff. (*Id*.).

a.      Plaintiff claims this request is narrowly tailored and needed to to support Plaintiff's claims.

b.      Defendants oppose this request because it is not narrowly tailored in any way other than to the person Valerie Jackson. Plaintiff has been arrested numerous times, but many of those documents are irrelevant to any claims of constitutional rights being

violated or whether a reasonable person would believe a clearly established constitutional right was violated. This is an overly broad request for full fledged discovery and is not narrowly tailored to seek information to address the qualified immunity issues specifically raised in Defendants' Motion for Summary Judgment.

6.     **Request for Production No. 5:** Complete and unredacted records or documentation of any sort in relation to any investigation conducted by any Dallas County entity regarding Plaintiff or the events forming the basis of the complaints in this case, specifically, but not limited to, the search of Plaintiff to determine her biological sex/gender and her placement with the male detainee population. (doc. 60, p. 14).

a.     Plaintiff claims this request is narrowly tailored and needed to evidence the circumstances under which the treatment of Plaintiff occurred.

b.     Defendants oppose this request as it is a duplication of the previous overbroad, irrelevant requests. Plaintiff's overly broad request somehow assumes that the remaining Defendants in their individual capacities would somehow have this type of information. Furthermore, this request is vague in that it requests information from any "Dallas County entity."

7.     **Request for Production No. 6:** Any documents of any kind, including but not limited to memoranda, correspondence, notice, announcement, email, or text messages, that in any way mentions or addresses Plaintiff or the events forming the basis of the complaints in this case, specifically, but not limited to, the search of Plaintiff to determine her biological sex/gender and her placement with the male detainee population. (*Id.*).

a.      Plaintiff claims this is narrowly tailored.

b.      Defendants oppose, this is all encompassing in a search for the Plaintiff's name on every document, of any kind. There is no narrow tailoring or limitation on this request. The plaintiff even specifically states that this request is "not limited to" the incident regarding the alleged search. (*Id*.).

**8.**     **Request for Production No. 7 and 8:** Copies of any complaints filed in relation to searches performed on transgender individuals. (doc. 60, p. 15). Copies of any records or documentation reflecting searches performed on transgender individuals. (*Id*.).

a.      Plaintiff claims these requests are narrowly tailored and will support Plaintiff's claim that Defendants' conduct was unreasonable in view of clearly established law at the time of the violation.

b.      Defendants oppose the production as any possible complaints by others are sensitive in nature and not relevant to the Plaintiff's alleged constitutional violation right of her own. Additionallly, other transgender complaints without a narrowed timeframe in congruence with that of the plaintiff's allegations would also be irrelevant and inappropriate for consideration. And once, again, Defendants reiterate that none of this information would further elucidate whether a reasonable person would find that there was a violation of a clearly established right at the time of the alleged violation.

**9.**     **Request for Production No. 9:** Copies of any materials regarding investigations or disciplinary actions taken in relation to searches performed on transgender individuals from January 1, 2016 to December 31, 2018. (doc. 60, p. 16).

a.      Plaintiff claims that this request for production is narrowly tailored.

b.      Defendants oppose as the possible investigations or disciplinary actions taken in relation to searches performed on transgender individuals other than the Plaintiff do not establish any violation of a clearly established constitutional right of Plaintiff.  This request for discovery is overbroad and irrelevant to the qualified immunity issues raised in Defendants' Motion for Summary Judgment.

**10.      Request for Production No. 10:** Copies of any duty roster, schedule, calendar, or other document reflecting personnel on duty for the following dates: November 4, 2016, April 19, 2017, and June 15, 2018. (*Id*.).

a.      Plaintiff claims this request for production is narrowly tailored and needed to identify Dallas County employees with whom Plaintiff would have interacted and whom may have been involved in her alleged mistreatment.

b.      Defendants object to this discovery request for production as the duty roster, schedule, calendar, or other documentation representing personnel on duty for the dates of the Plaintiff's bookins in no way establish her constitutional rights were violated. The Plaintiff is attempting to obtain expansive discovery and the chance to obtain more names of individuals to name as future Defendants. This request has nothing to do with the alleged constitutional right violations and would not address the qualified immunity issues raised by Defendants' Motion for Summary Judgment.

All other documentation being requested by the Plaintiff is similarly not limited in scope and not tailored to address the specific qualified immunity issues raised by Defendants' Motion for Summary Judgment. Plaintiff is not asking for limited discovery from the remaining Defendants in their individual capacities with the goal of addressing the qualified immunity

*Defendants' Response to Plaintiff's Motion for Leave to Conduct Limited Discovery Regarding Qualified Immunity and Brief in Support of Defendants – 14*

issues set forth in Defendants' Motion for Summary Judgment; rather, the Plaintiff seeks full discovery in preparation for trial, not for the limited purpose for which discovery regarding qualified immunity issues would permit or for which this Court directed Plaintiff to file a motion for leave to conduct.

The United States Supreme Court has stated, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 105 S.Ct. at 2815; *see also Wicks*, 41 F.3d at 994; *Jacquez*, 801 F.2d at 791. The Plaintiff's requests here are not "narrowly tailored to uncover only those facts needed to rule on the immunity claim" and therefore should be denied and the Defendants entitled to a dismissal prior to discovery beginning. *Wicks*, 41 F.3d at 994 (quoting *Lion Boulos*, 834 F.2d at 507).

### Plaintiff has failed to establish a violation of a constitutional right

Here, Plaintiff alleges that Lupe Valdez, Marian Brown, Samuel Joseph, Lizyamma Samuel, and Unknown Dallas County Employee III (the "Individual Defendants") have been sued under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, in particular, an allegedly unreasonable strip search of Valerie Jackson for the sole purpose of determining the inmate's genital status, as well as an alleged failure to train and supervise by Sheriff Lupe Valdez and Sheriff Marian Brown that resulted in the illegal strip search and her improper placement with the male detainee population. (doc. 46, p. 4; doc. 60, p. 2).

Plaintiff has made no showing of a clearly established constitutional right being violated throughout the alleged incidents. As Plaintiff is unable to show that a constitutional violation has

occurred, no limited discovery is permissible even for purposes of the qualified immunity issue. Furthermore, even if Plaintiff had alleged the deprivation of a clearly established constitutional right, none of Plaintiff's proposed discovery is tailored to seek information directly related to the issues regarding qualified immunity specifically raised by Defedants' Motion for Summary Judgment. Accordingly, the Court should agree to the objections posed by the Defendants regarding the Plaintiff's motion for leave to conduct limited discovery regarding qualified immunity, and since none of Plaintiff's requests are "narrowly tailored to uncover only those facts needed to rule on the immunity claim," they should be denied. *Wicks*, 41 F.3d at 994 (quoting *Lion Boulos*, 834 F.2d at 507).

Plaintiff has not established, and indeed, is unable to establish that leave to conduct limited discovery for qualified immunity is warranted in this case and Plaintiff's Motion should be denied.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that: (1) the Court denies Plaintiff's Motion for Leave to Conduct Limited Discovery Regarding Qualified Immunity; (2) all relief requested by Plaintiff be denied; and (3) for such other and further relief, general or special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

JOHN CREUZOT
DISTRICT ATTORNEY

/s/ Chong Choe_____
CHONG CHOE

ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24012421
chong.choe@dallascounty.org

HILARY MILLER
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24063868
hilary.miller@dallascounty.org

CIVIL DIVISION
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

JOHN BUTRUS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

In accordance with the Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local Rule 5.1(d), I hereby certify that a true and correct copy of the foregoing instrument has been electronically served upon all parties.

/s/ Chong Choe
CHONG CHOE